**UNIVERSITY INTERSCHOLASTIC LEAGUE, Appellant,**

v.

**Gregory JONES, et al., Appellees.**

**No. 05–85–01271–CV.**

Court of Appeals of Texas, Dallas.

July 23, 1986.

Rehearing Denied Sept. 18, 1986.

Peter A. Nolan, Earl Luna, Dallas, Robert Giddings, Austin, for appellant.

Samuel L. Boyd, Priscilla E. Perry, Dallas, for appellees.

Before VANCE, McCLUNG and HOLLINGSWORTH, JJ.

HOLLINGSWORTH, Justice.

The University Interscholastic League appeals a permanent injunction restraining it from taking any action to prevent appellee, Gregory Jones, from participating in U.I.L.-sponsored games at Highland Park High School or from penalizing Highland Park High School for allowing Jones to participate in U.I.L.-sponsored games at Highland Park. We vacate the order and dismiss the suit because the issue is now moot.

This case arose under the application of section 409 of the constitution and contest rules of the U.I.L. which provides:

a) INELIGIBLE. A student who changes schools for athletic purposes is not eligible to compete in varsity league athletic contest(s) at the school to which he moves for at least one calendar year.

In the fall of 1984 Gregory Jones was a junior at Irving MacArthur High School and a third-string quarterback on the Mac-Arthur football team. On November 16, 1984, the Jones family moved from Irving to a house in Highland Park. The Highland Park athletic director, fearing that Jones may have transferred to Highland Park to further his athletic career, requested that the District 9AAAAA Executive Committee meet to determine if Jones had violated rule 409.

A meeting was held on March 20, 1985, and the board determined that Jones had moved for athletic purposes and that Jones was therefore barred from playing football his senior year at Highland Park. Jones, believing the board acted arbitrarily, capriciously, with bias, and in violation of his due process and equal protection rights, brought suit to void the actions of the board and to enjoin the U.I.L. from preventing him from playing football at Highland Park or from penalizing Highland Park for allowing Jones to play. After the filing of this suit the executive committee agreed to reconvene a new panel of supposedly "neutral" members to reconsider the Jones case. This meeting was held on August 9, 1985 at which time the same conclusion was reached.

Jones's suit came to trial in September 1985. At the close of the evidence the trial court held that the board members at both the March and the August meetings were biased against Jones and that they acted arbitrarily and capriciously in ruling that Jones moved for athletic purposes. The trial court voided the actions of the board and granted the injunctive relief sought by Jones. From these actions the U.I.L. appeals.

Because of the injunction, Jones was allowed to play football at Highland Park. Jones played the 1985 football season and he has since graduated. Therefore, the question of the impropriety of the trial court's action is now moot. *University Interscholastic League v. Hardin-Jefferson Independent School District*, 648 S.W.2d 770, 772 (Tex.App.—Beaumont 1983, no writ); *Houston Independent School District v. Houston Teachers Association*, 617 S.W.2d 765, 766–67 (Tex.Civ. App.—Houston [14th Dist.] 1981, no writ); *see also Fink v. Hinson*, 243 Ga. 337, 253 S.E.2d 757, 758 (Mo.1979); *National Collegiate Athletic Association v. Tucker*, 300 Md. 156, 476 A.2d 1160, 1161 (1984).

The law is settled in this state that courts are created not for the purposes of deciding abstract or academic questions of law or to render advisory opinions, but solely for the judicial determination of *presently existing* disputes between the parties in which an effective judgment can be rendered. *City of West University Place v. Martin*, 132 Tex. 354, 356, 123 S.W.2d 638, 639 (1939); *In re Ivey*, 534 S.W.2d 163, 165 (Tex.Civ.App.—Austin 1976, writ ref'd n.r.e.); *Greene v. Gregg*, 520 S.W.2d 924, 926 (Tex.Civ.App.—Tyler 1975, no writ). As aptly stated by the Supreme Court in the case of the *Brownlow v. Schwartz*, 261 U.S. 216, 217, 43 S.Ct. 263, 264, 67 L.Ed. 620 (1923) and quoted by our supreme court in *City of West University Place:*

> This court will not proceed to a determination when its judgment would be wholly ineffectual.... An affirmance would ostensibly require something to be done which had already taken place. A reversal would ostensibly avoid an event which had already passed beyond recall. One would be as vain as the other.

123 S.W.2d at 638.

For us to affirm the judgment would require us to order that Greg Jones be allowed to play football for Highland Park in 1985. Greg Jones has already done so. Likewise, for us to order a reversal would require us to order that Jones be prohibited from playing football for Highland Park in 1985. The absurdity of such an order is apparent.

For the reasons above stated, the judgment of the trial court is vacated and this suit is dismissed. *University Interscholastic League v. Sims*, 133 Tex. 605, 131 S.W.2d 94 (1939). Because this case became moot pending appeal, the costs of court incurred in both the trial and appellate court by each party are taxed against the parties incurring such costs. *Greene*, 520 S.W.2d at 927; *Hinojosa v. Garcia*, 260 S.W.2d 711, 712 (Tex.Civ.App.—San Antonio 1953, no writ).