**TEXAS EDUCATION AGENCY, Dr. William Kirby and University Interscholastic League, Appellants,**

v.

**DALLAS INDEPENDENT SCHOOL DISTRICT, Mary Rutledge, President of the Board of Trustees and Thurman Edwards, Individually and as Next Friend for Gary Edwards and Ramon Wright, Appellees.**

**No. 3–90–005–CV.**

Court of Appeals of Texas, Austin.

Oct. 3, 1990.

Rehearing Overruled Nov. 7, 1990.

Jim Mattox, Atty. Gen., Kevin O'Hanlon, Asst. Atty. Gen., for Texas Educ. Agency and Dr. William Kirby.

Lucius D. Bunton, Austin, for University Interscholastic League.

Donald W. Hicks, Sr., Dallas, Margaret A. Cooper, Austin, for Dallas Independent School Dist., et al.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

CARROLL, Justice.

The University Scholastic League, Texas Education Agency and State Commissioner of Education appeal from a permanent injunction against their disqualifying David Carter High School from participation in the 1988 University Interscholastic League Class 5–A state football championship. We will dismiss the cause as moot.

## BACKGROUND

This dispute arose during the playoffs for the 1988 University Interscholastic League Class 5–A state football championship. The Texas Education Agency ("TEA") received an anonymous tip that David Carter High School ("DCHS"), a school within the Dallas Independent School District ("DISD"), was using football players who were ineligible under the "no-pass, no-play" law. The "no-pass, no-play" law dictates that students must receive a passing grade in every class for the preceding grade reporting period to be eligible for participation in extracurricular activities. Tex.Educ.Code Ann. § 21.920(b) (1987).

The TEA investigated and determined that two DCHS students were ineligible because they had received failing grades. Subsequently, the superintendent of DISD and the principal of DCHS conducted their own investigation. They concluded that grades posted for the two students were incorrect and that the students were in fact eligible. The deputy commissioner of education reviewed the dispute at DCHS's request, and agreed with the school.

Plano Independent School District, whose football team had been defeated by DCHS the prior week, appealed this determination to the state commissioner of education, Dr. William N. Kirby. Dr. Kirby concluded that at least one player at DCHS had received a failing grade, and declared the entire DCHS football team ineligible.

In November 1988, appellees filed suit against appellants in Travis County, seeking an order enjoining appellants from interfering with DCHS's participation in the 1988 championship. In a de novo proceeding, the trial court granted a series of temporary injunctions, and finally entered a permanent injunction following a nonjury trial. The permanent injunction, signed November 7, 1989, some eleven months after the 1988 championship, prohibited appellants from disqualifying DCHS from "the rights and privileges associated with participation in the 1988 University Interscholastic League Class 5–A state football championship." DCHS won the 1988 championship.

Appellants appeal the permanent injunction, arguing that the trial court should have reviewed Dr. Kirby's decision under the substantial evidence standard, rather than conducting a trial de novo. Appellants further argue that the trial court erred in finding that the state commissioner of education does not have the authority to determine whether an individual student is eligible to participate in extracurricular activities.

## DISCUSSION AND HOLDING

The parties raise several interesting issues and arguments in their briefs. It is, however, unnecessary to address appellants' points of error because this Court

lacks jurisdiction to consider this appeal.[1]

 Our jurisdiction is restricted to actual controversies. *Camarena v. Texas Employment Comm'n,* 754 S.W.2d 149, 151 (Tex.1988); *Firemen's Ins. Co. of Newark, New Jersey v. Burch,* 442 S.W.2d 331, 333 (Tex.1968). This means that we are not empowered to render advisory opinions. *Id.;* Texas Const. Ann. art. V, § 8 (Supp. 1990). Thus, when an appeal is moot, the judgment must be set aside and the cause dismissed. *Texas Parks & Wildlife Dep't v. Texas Ass'n of Bass Clubs,* 622 S.W.2d 594 (Tex.App.1981, writ ref'd n.r.e.). If an injunction no longer has any operative effect, the issue of its validity is moot. *See Parr v. Stockwell,* 322 S.W.2d 615, 616 (Tex.1959); *Spring Branch I.S.D. v. Reynolds,* 764 S.W.2d 16, 18 (Tex.App.1988, no writ).

 In this case, the event to which the injunction relates, the 1988 championship, has long since passed. Hence, this appeal is moot. *See Spring Branch I.S.D.,* 764 S.W.2d at 18; *University Interscholastic League v. Jones,* 715 S.W.2d 759, 761 (Tex. App.1986, writ ref'd n.r.e.), cert. denied, 484 U.S. 821, 108 S.Ct. 81, 98 L.Ed.2d 43 (1987); *University Interscholastic League v. Hardin–Jefferson Indep. School Dist.,* 648 S.W.2d 770, 772 (Tex.App.1983, no writ).

There are two exceptions that confer jurisdictions regardless of mootness: (1) the capable of repetition yet evading review exception; and (2) the collateral consequences doctrine. *Gen'l Land Office v. OXY U.S.A., Inc.,* 789 S.W.2d 569 (Tex. 1990). Neither of these exceptions applies here. *See Spring Branch I.S.D.,* 764 S.W.2d at 18–9. Accordingly, we will not consider the issues raised by the parties in their briefs because that would constitute an impermissible advisory opinion on an abstract question of law.

The judgment of the district court is set aside and the cause is dismissed.

---

1. The legislature has amended section 21.920 of the Education Code effective September 1, 1990, to eliminate review of the commissioner of education's determination of a student's eligibility to participate in extracurricular activities. *See* 1990 Tex.Sess.Law Serv., 6th Called Sess., ch. 1, § 2.20, at 22., and § 6.02, at 38 [Tex.Educ.Code § 21.920(e) in part]. We maintain jurisdiction to decide this cause, however, because the judgment of the district court became final before the effective date of the amendment, and the amendment is not retroactive. Tex.Gov't Code Ann. §§ 311.022, 311.031(a) (1988); *see Ex parte Abell,* 613 S.W.2d 255, 260 (Tex.1981).