The **BROWNSVILLE INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES; Jack Ammons, Superintendent, BISD; and George Truan, President of the Board, BISD, Appellants,**

v.

The **BROWNSVILLE HERALD,**
Appellee.

No. 13–91–137–CV.

Court of Appeals of Texas,
Corpus Christi.

May 28, 1992.

**538**

David M. Richards, Henslee, Ryan & Groce, Austin, Jeffrey D. Roerig, Black, Hamilton, Roerig & Yanez, Brownsville, for appellants.

James A. Herrmann, Harlingen, for appellee.

Before NYE, C.J., and SEERDEN, J., and GERALD T. BISSETT, Assigned Justice.[1]

### OPINION

SEERDEN, Justice.

■ The trial court granted The Brownsville Herald's motion for summary judg-

ment after it sued the Brownsville Independent School District Board of Trustees, its president, and the district superintendent alleging violations of the Open Meetings Act.[2] The Herald sought a declaratory judgment that the agenda for the July 17, 1990, board meeting was insufficient to alert the public to the subject matter of an executive session, and that the board's executive session discussion was inappropriate. It also sought an injunction. Both sides moved for summary judgment. The trial court granted the Herald's motion but denied injunctive relief. We dismiss the cause as moot.

During an executive session of the board, the trustees discussed a letter from a Texas Education Agency monitor, Dr. A.N. Vallado, with Vallado and the superintendent. Vallado's letter detailed "school governance matters," (primarily alleging lack of cooperation between board members and warning of the effects of conflicting messages on the school administration), made recommendations for improvement, and admonished that if changes were not made, Vallado would recommend reconsideration of the district's accreditation. A Herald reporter obtained a copy of the letter after the meeting. On appeal, the parties dispute the application of the Open Meetings Act to the July 1990 meeting, and ask us to review the judgment and award costs.

The judgment the Herald obtained in the trial court did not void any decision of the school board or grant access to any new information. The discussion, whether legal or not, has been held. We do not see how any decision affirming or reversing that judgment about the propriety of that meeting can be anything but advisory.

Courts are created not for purposes of deciding abstract or academic questions of law or to render advisory opinions, but solely for judicial determination of *presently existing* disputes between parties in

---

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

2. Tex.Rev.Civ.Stat.Ann. art. 6252–17 (Vernon Supp.1992).

which effective judgment can be rendered. *University Interscholastic League v. Jones*, 715 S.W.2d 759, 761 (Tex.App.—Dallas 1986, writ ref'd n.r.e.), *cert. denied*, 484 U.S. 821, 108 S.Ct. 81, 98 L.Ed.2d 43 (1987); *see Texas Educ. Agency v. Dallas Indep. School Dist.*, 797 S.W.2d 367, 369 (Tex. App.—Austin 1990, no writ).

 When a judgment cannot have a practical effect on an existing controversy, the case is moot. *See Texas Educ. Agency*, 797 S.W.2d at 369; *Smith v. Crawford*, 747 S.W.2d 938, 940 (Tex.App.—Dallas 1988, orig. proceeding); *Board of Adjustment, City of Corpus Christi v. McBride*, 676 S.W.2d 705, 709 (Tex.App.—Corpus Christi 1984, no writ). A case can be moot even if costs are still at issue. *See State v. Gibson Prods. Co.*, 699 S.W.2d 640, 642 (Tex. App.—Waco 1985, no writ).

 When a cause becomes moot, an appellate court must dismiss the cause, not merely the appeal. *City of Garland v. Louton*, 691 S.W.2d 603, 605 (Tex.1985). Thus, we assess costs against the party incurring them, vacate the trial court's judgment, and dismiss the cause. *See Texas Dept. of Health v. Long*, 659 S.W.2d 158, 161 (Tex.App.—Austin 1983, no writ).

The cause is dismissed.

