**Ann RICHARDS, as the Governor of Texas, and Robert I. Kelly and Debbie Irvine of the Texas Legislative Council, Appellants,**

v.

**Pedro QUIROZ, Eva Tobias, and Carmen Reyes, Appellees.**

No. 13–92–384–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 11, 1993.

Renea Hicks, Javier Guajardo, Sp. Asst. Atty. Gens., Will Pryor, First Asst. Atty. Gen., Mary F. Keller, Deputy Asst. Atty. Gen., Austin, for appellants.

Travis Hiester, Atlas & Hall, McAllen, James C. Harrington, Texas Civil Rights Project, Austin, Jose Garza, San Antonio, Judith Sanders–Castro, Mex–American Legal Defense and Education Fund, San Antonio, for appellees.

Before DORSEY, SEERDEN and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

DORSEY, Justice.

This interlocutory appeal arises from a trial court's certification of a class on behalf of all voters in Texas who are of Hispanic origin in a lawsuit related to legislative redistricting. By two points of error, appellants, Ann Richards and employees of the Texas Legislative Council (together referred to hereinafter as "the State"), assert that the trial court erred in certifying the class because the relief sought was moot and, alternatively, that the trial court abused its discretion in determining the representatives' adequacy to protect the interests of the class. We reverse and dismiss.

This suit, originally for injunctive and declaratory relief, was brought by Pedro Quiroz, Eva Tobias, and Carmen Reyes, individually, on October 7, 1991. They sought 1) to prevent the use of unadjusted and admittedly inaccurate 1990 federal census data for redistricting the Texas Senate, 2) to adjust the faulty data in order to compensate for its under-counting minorities, 3) to block implementation of the Texas Senate legislative redistricting plan enacted during the 1991 regular session of the Texas Legislature, commonly known as Senate Bill 31 (S.B. 31), and 4) to implement an alternative Senate redistricting plan more protective of the voting rights of minority citizens in Texas, namely persons of Hispanic origin. Also on October 7, the trial court signed an agreed final judgment based upon a settlement agreement between the State and the three appellees enjoining the State from implementing S.B. 31 and replacing S.B. 31 with a different method more favorable to Hispanic interests. The court heard no evidence concerning the settlement agreement.

By an original mandamus proceeding, five individuals, not parties to the suit, requested that the Supreme Court of Texas direct the district judge to vacate its judgment in this case and another similar case. *See Terrazas v. Ramirez*, 829 S.W.2d 712 (Tex.1991). Holding that a district court cannot order a reapportionment plan for the State based upon nothing more than the agreement of the Governor, the Attorney General, and a few citizens, the supreme court conditionally granted the requested relief to vacate the agreed final judgment. *Id.* The court determined that because of the important nature of reapportionment litigation, settlements, while permitted, required public scrutiny before the trial court could accept the proposed settlement plan.

Following the supreme court's ruling, the Governor of Texas called a special legislative session to address redistricting. During the session, the legislature enacted a Senate redistricting plan mirroring the *Quiroz* settlement plan which is known as S.B. 1. *See* Act of January 8, 1992, 72nd Leg., 3rd C.S., ch. 1, 1992 Tex.Sess.Law Serv. 1 (Vernon).

Following the enactment of S.B. 1 and the trial court's vacating the agreed judgment in this case, the appellees here, plaintiffs below, requested class certification in accordance with Texas Rule of Civil Procedure 42(a) and (b) and sought to have themselves certified as representatives of all Hispanic voters of Texas. Additionally, they asked that the court enter a judgment in this case similar to the judgment in

*Mena v. Richards* [1] regarding reapportionment of the Texas Senate for the purposes of class relief. The trial court certified the cause as a class action. The State appeals the class certification.

■ By point one, the State contends that the trial court erred in exercising its jurisdiction to certify the class because the action was moot at the time. The State contends that the appellees are seeking to have the state judiciary invalidate S.B. 31 and substitute for it the redistricting plan of S.B. 1. The State posits that the Texas legislature has already accomplished this at least regarding state law.[2] S.B. 1 was enacted on January 8, 1992, four months before appellees filed their pleading seeking class certification, and became effective April 8, 1992, a month before appellees sought class status. Thus, contends the State, there was no justiciable legal challenge for the class to pursue; the Texas legislature had already accomplished the litigation goals of the class. The State contends that in such circumstances as in the case before us the appropriate relief is to dismiss the cause of action. *See e.g., City of Garland v. Louton,* 691 S.W.2d 603, 604–05 (Tex.1985) (election rendered mandamus action moot); *Brownsville Indep. School Dist. Board of Trustees v. Brownsville Herald,* 831 S.W.2d 537, 539 (Tex.App.—Corpus Christi 1992, no writ) (appeal moot because meeting already held); *Texas Educ. Agency v. Dallas Indep. School Dist.,* 797 S.W.2d 367, 368–69 (Tex.App.—Austin 1990, no writ) (injunction rendered moot because it related to 1988 championship game long since passed).

The appellees contend that even if the State is correct that their S.B. 31 claim is moot, they note that on appeal the State

makes no argument that the remainder of appellees' claims are moot. Additionally, appellees contend that pending litigation in *Craddick v. Richards,*[3] in which the plaintiffs are alleging that H.B. 1 and S.B. 1 are unconstitutional, further imperils the viability of S.B. 1. Appellees contend that the only opportunity for Texas Hispanics to be heard on the redistricting issue is for us to uphold the trial court's class certification. Appellees assert that their class action is necessary to make sure that the consequences of S.B. 1 are maintained.

We agree with appellants and conclude that the appellees' claims are moot. By their motion to certify this cause as a class action, the appellees asked the trial court, for the purpose of class relief, to enter the same judgment set out in *Mena v. Richards,* No. C–454–91–F (Dist.Ct., Hidalgo County, Tex. 332nd Jud.Dist.). Effectively, this was accomplished when the legislature passed S.B. 1. In reviewing appellees' Motion to Certify a Class Action, we find no request that the appellees, on behalf of the class, are seeking a declaratory judgment that unadjusted census data violates the Texas Constitution, or a request that the trial court grant injunctive relief preventing the State from using unadjusted census data. In the motion, no other relief was requested and nothing was mentioned about adjusting census population figures.

■ There are two exceptions that confer jurisdiction regardless of mootness: (1) when the conduct is repetitious but of short duration so as to evade judicial review, and (2) when the consequences of an unconstitutional judgment continue to stigmatize persons. *See General Land Office v. OXY U.S.A., Inc.,* 789 S.W.2d 569, 571–72 (Tex. 1990). These exceptions do not apply here.

---

1. *Mena v. Richards* is currently on appeal before this court.

2. A three-judge federal district court in the District of Columbia granted summary judgment to the state, preclearing the state's legislatively-enacted senate redistricting plan, referred to as S.B. 1, under section 5 of the Voting Rights Act, 42 U.S.C. § 1973c. However, a three-judge federal district court in Texas granted a motion for preliminary injunction, prohibiting the state

from using the precleared S.B. 1 in the upcoming general election for the Texas Senate and requiring the state to use the interim court-crafted plan for the election. *See* Terrazas v. Slagle, Order and Reasons (W.D.Tex. August 21, 1992) (Civ. Action No. A–91–CA–426).

3. No. A–38,899 (Dist.Ct. of Midland County, 238th Judicial Dist. of Texas) filed January 8, 1992.

Additionally, appellees assert that the *Craddick* case *may* render S.B. 1 unconstitutional. This is not a reason to certify a class in this lawsuit. We agree with the State's contention that whatever "problems" are presented in *Craddick* should be addressed in that case and there is no need for us to anticipate an outcome in that case.

Texas has its own legislatively-enacted senate redistricting plan, S.B. 1, modeled after the vacated *Quiroz* settlement agreement. S.B. 1 was effective state law as of April 8, 1992, and there is nothing else the trial court can do to give it more life. We sustain point one.

Because we determine that the action appellees sought by a class certification is moot, we decline to address the State's second point of error relating to the representatives' adequacy to protect the interests of the class. Tex.R.App.P. 90(a). The trial court's class certification is reversed and the cause is dismissed as moot.