**NUECES COUNTY and Robstown Independent School District, Appellants,**

v.

**WHITLEY TRUCKS, INC., Appellee.**

No. 13–92–423–CV.

Court of Appeals of Texas, Corpus Christi.

July 29, 1993.

Rehearing Overruled Sept. 29, 1993.

Lynda D. Helton, Calame, Linebarger & Graham, Corpus Christi, Kent M. Rider, Calame Linebarger Graham & Pena, Austin, for appellants.

Ann S. Duross, Asst. Gen. Counsel, Colleen B. Bombardier, David Wall, Lawrence H. Richmond, Washington, DC, Darryl W. Brown, San Antonio, for appellee.

Before NYE, C.J., and GILBERTO HINOJOSA and DORSEY, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

Nueces County and Robstown Independent School District sued Whitley Trucks, Inc., for over $30,000 in delinquent ad valorem taxes assessed against Whitley's real property and for foreclosure of its tax lien against that property. In addition, the District named the FDIC as a defendant pursuant to the FDIC's interest as a lienholder on the real property against which the District sought to foreclose its tax lien. Specifically, by its June 1, 1990, appointment as receiver for the insolvent NBC Bank of South Texas, the FDIC had acquired a 1985 real estate lien note and 1987 extension of that note and lien given by Whitley in the amount of $150,-000 and secured by a deed of trust on the property in question.

The District then moved for summary judgment based on uncontroverted evidence maintained in its delinquent tax records showing the amount of taxes, penalty and interest assessed against Whitley for the years 1989 and 1990. The FDIC answered and moved for summary judgment asserting that, pursuant to the provisions of the Finan-

cial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), as codified in Title 12 of the United States Code, the District's tax lien could not attach to property against which the FDIC asserted its mortgage lien, nor could the District foreclose any such lien without the FDIC's consent or attach or execute against the property.

The trial court granted summary judgment against Whitley for the amount of the delinquent taxes and ordered sale of the property subject to the FDIC's lien, which was to remain attached to the property as sold and unaffected by the judgment or sale. By two points of error, the District challenges the trial court's subjection of the foreclosure sale to the FDIC's mortgage lien.

We initially note that, subsequent to the filing and submission of the present appeal, the District has informed this court that, while this case has been pending on appeal, the FDIC foreclosed its mortgage lien and purchased the property at issue. The District concedes that it may not now foreclose its tax lien or divest the FDIC of title to the property pursuant to the trial court's order of sale, and that the present appeal is therefore moot. However, we nevertheless choose to review and discuss the points raised on appeal, under an exception to the mootness doctrine.

■ Under the mootness doctrine, appellate courts only determine cases in which an actual controversy exists. *University Interscholastic League v. Buchanan*, 848 S.W.2d 298, 304 (Tex.App.—Austin 1993, no writ). Thus, when a judgment cannot have a practical effect on an existing controversy, the case is moot. *Brownsville Independent School District Board of Trustees v. Brownsville Herald*, 831 S.W.2d 537, 539 (Tex. App.—Corpus Christi 1992, no writ); *Las Palmas Plaza, Inc. v. City of Port Isabel*, 665 S.W.2d 855 (Tex.App.—Corpus Christi 1984, no writ).

■ Generally, when a cause becomes moot, the appellate court must set aside the judgment and dismiss the cause, not merely dismiss the appeal. *City of Garland v. Louton*, 691 S.W.2d 603, 605 (Tex.1985); *Buchanan*, 848 S.W.2d at 304; *Brownsville*, 831

S.W.2d at 539. The Texas Supreme Court has recognized two exceptions to the mootness doctrine when (1) the controversy is capable of repetition yet evading review, or (2) there are collateral consequences such that prejudicial events have occurred whose effects continue to stigmatize helpless or hated individuals long after the unconstitutional judgment ceases to operate. *General Land Office v. Oxy U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex.1990). Neither of these exceptions applies to the present case.

■ However, the Austin court of appeals has recently recognized a third exception, known as the "public interest exception," which allows appellate review of a question of considerable public importance if that question is capable of repetition between either the same parties or other members of the public but for some reason evades appellate review. *Buchanan*, 848 S.W.2d at 304. Appellants urge this court to review the present appeal based on the public interest exception to the mootness doctrine.

■ We agree that the present questions concerning the attachment and priority of, and ability to foreclose upon, tax liens when the FDIC holds a lien against the same property in its capacity as a receiver is of considerable public importance. We also acknowledge that the FDIC may unilaterally evade appellate review of foreclosure judgments in favor of the taxing authority by its own foreclosure on, and purchase of, the property. Any later purchaser of the property from the FDIC will then buy at his peril unless the present question be decisively answered concerning the continued existence and priority of the tax lien. For this reason, we will address the present points raised on appeal, regardless of the mootness of the present controversy.

■ By its first point of error, the District complains generally that the trial court erred in decreeing that the foreclosure sale would be subject to the FDIC's deed of trust lien.

Absent the appointment of the FDIC as receiver and the application of FIRREA, our State law would subordinate the bank's mortgage lien to the District's tax lien. The tax lien attaches to property on January 1st of

each year to secure the payment of all taxes, penalties, and interest ultimately imposed for the year on that property. Tex. Tax Code Ann. § 32.01 (Vernon 1992). That tax lien then takes priority over any mortgage lien against the same property, whether or not the mortgage lien existed before attachment of the tax lien. Tex. Tax Code Ann. § 32.-05(b) (Vernon 1992).

However, because the FDIC has acquired possession of the mortgage liens in question in its capacity as receiver, it asserts two specific provisions of FIRREA to protect its interest against foreclosure of the state-law tax lien. 12 U.S.C.A. § 1825(b)(2) (West 1989) provides that:

> No property of the [FDIC] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the [FDIC], nor shall any involuntary lien attach to the property of the [FDIC].

In addition, 12 U.S.C.A. § 1821(d)(13)(C) (West 1989) provides that "[n]o attachment or execution may issue by any court upon assets in the possession of the [FDIC as] receiver."

The state and federal courts have given conflicting interpretations of the effect of these sections on the attachment and enforceability of tax liens against property on which the FDIC also holds a mortgage lien interest.

In *Birdville Independent School District v. Hurst Associates,* 806 F.Supp. 122 (N.D.Tex. 1992), the school district originally brought suit for delinquent ad valorem taxes against the private owner and mortgage lienholders. Later, one of the lienholders went into receivership and was replaced first by FSLIC and then by the Resolution Trust Corporation. The *Birdville* Court held that FIRREA did not prevent the school district from enforcing its tax liens against the privately-held property and extinguishing the junior liens of the RTC. *Id.* at 129. Specifically, the *Birdville* Court held that section 1825(b)(2) prevents neither the attachment of a tax lien to property on which the FSLIC/RTC is merely a mortgage lienholder nor the taxing authority's foreclosure on that property. The FSLIC/RTC being merely a lienholder on, rather that an owner of, the prop-

erty in question, section 1825(b)(2) carries no prohibition against foreclosure or attachment of the lien. *Id.* at 127; *see also Irving Independent School District v. Packard Properties,* 970 F.2d 58, 61 (5th Cir.1992) (section 1825(b)(2)'s prohibition of any involuntary lien attaching to property of the FDIC is inherently prospective in scope and does not exclude liens attached to the property before the FDIC owned it.). On the same reasoning, the *Birdville* Court further held that section 1821(d)(13)(C) does not bar the school district from foreclosing on the property in question, since it is owned and possessed not by the FSLIC/RTC, but by a private owner. *Id.* at 127. Although foreclosure would adversely affect the FSLIC/RTC's lien, it does not amount to an execution or foreclosure against the intangible lien interest. *Id.* at 128.

However, one of our state courts has taken a broader view of the protections offered to the FDIC under FIRREA. In *State v. Bankerd,* 838 S.W.2d 639 (Tex.App.—San Antonio 1992, writ denied), the taxing authority filed suit for delinquent taxes against the private owner and the bank which held a deed of trust lien against the property in question. When the bank later became insolvent, the FDIC replaced it as receiver. The San Antonio court of appeals upheld the trial court's judgment which made the foreclosure and sale by the taxing authority subject to the FDIC's lien. The *Bankerd* Court held that the mortgage interest constituted a property of the FDIC for purposes of section 1825(b)(2). *Id.* at 641 (citing *Rust v. Johnson,* 597 F.2d 174, 177 (9th Cir.1979)). Further, the *Bankerd* Court reasoned that foreclosure of the taxing authority's lien on the underlying real property would reduce or destroy the value of the FDIC's junior lien and thus would effectively amount to a prohibited foreclosure on a property interest held by the FDIC. *Id.* at 642; *see also Rust,* 597 F.2d at 179.

We choose to follow the rationale of *Birdville,* which in applying the prohibitions of section 1825(b)(2) would distinguish ownership of a mortgage lien interest by the FDIC from ownership of the underlying real property by a private owner. We reject the

*Bankerd* contention that, simply because the FDIC becomes a junior lienholder with regard to privately-owned property, senior liens against the same property must be frozen for as long as the FDIC holds the junior interest. Specifically, the District's tax lien secures its interest in being compensated for the protections and benefits that it affords to the real property such that it becomes superior to most all other liens against the same property, including the interest acquired by the FDIC as a junior lienholder. By its enactment of Tax Code § 32.01, the Texas legislature has recognized the great public interest involved in ensuring that public entities be compensated for the benefits that they provide (e.g., police and fire protection) by subordinating mortgage liens to public entity tax liens. We hold that neither section 1825(b)(2), nor section 1821(d), bar foreclosure of such tax liens against private property which also happens to be encumbered by junior mortgage liens obtained by the FDIC in its capacity as receiver. We sustain the District's first point of error and hold that the trial court erred in subjecting the foreclosure sale to the FDIC's mortgage lien.

By its second point of error, the District argues in the alternative that the subjection of its tax lien to the FDIC' junior lien amounted to a "taking" for which the District should be compensated. Having already determined that the judgment improperly subjected the tax lien to the FDIC's junior lien for the reasons discussed above, we need not address the District's second point of error. *See* Tex.R.App.P. 90(a).

In conclusion, with regard to that portion of the trial court's judgment of which the taxing authority complains, while noting our objections to the subjection of the sale to the FDIC's lien, we set aside the trial court's order of sale as moot. With regard to the trial court's judgment against Whitley for the amount of the delinquent taxes, penalties, and interest, we affirm.

NYE, C.J., not participating.