CV4-142 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00142-CV







Tharwat M. Hamamcy, M.D., Appellant



v.



Texas State Board of Medical Examiners, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 93-09583, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING







PER CURIAM


 Tharwat M. Hamamcy, M.D., sued the Texas State Board of Medical Examiners
(the Board) seeking injunctive relief against the Board's revocation of his license to practice
medicine. The trial court rendered a take-nothing judgment against him. We will dismiss the
cause as moot.

 As a preliminary matter, the State complains in its brief that appellant has violated
the briefing rules. Tex. R. App. P. 74(c), (d), (f). We agree. Appellant's brief does not follow
the format specified in the rules. It is difficult to decipher from appellant's brief whether he is
complaining about the Board's revocation of his license, or complaining about past actions of the
Board that he claims impaired or limited his license or in some way affected credentials over
which the Board had no authority. (1) Nevertheless, appellant is proceeding pro se, and, in the
interests of justice, we will consider his cause on the merits to the degree that we can. See
Williams v. Khalaf, 820 S.W.2d 651, 658 (Tex. 1990). We interpret appellant's brief as
complaining about the license revocation.



BACKGROUND


 On June 25, 1993, the Board, acting under the authority of the Medical Practices
Act, revoked appellant's license to practice medicine. Tex. Rev. Civ. Stat. Ann. art. 4495b, §§
4.01(a), 4.12 (West Supp. 1995). The revocation order included a recitation of the Board's
findings of facts and conclusions of law and concluded that appellant had failed to practice
medicine in a manner consistent with preserving public health and welfare and had engaged in
unprofessional conduct that was likely to injure the public.

 Appellant timely filed a motion for rehearing, which was overruled. Before the
Board acted on the motion for rehearing, appellant filed a suit for monetary damages. (2) He later
filed additional suits seeking judicial review of the Board's decision and injunctive relief against
the Board. This appeal involves the suit for injunctive relief.




MOOTNESS


 Appellant's request for injunctive relief was based on the license revocation
proceeding. Appellant's original petition in this cause below, styled "Motion for Injunctive
Relief, Motion for Emergency Expedited Hearing and Brief in Support" prayed for the trial court
to hold an expedited hearing on an injunction against the Board's action. A hearing has been held
concerning the revocation and the injunction. This Court has affirmed the trial court's dismissal
of his attempt at judicial review of the revocation. Hamamcy v. Texas State Bd. of Medical
Examiners, No. 03-94-00136-CV (Tex. App.--Austin May 31, 1995, no writ h.).

 Once the event to which an injunction relates has passed, the appeal is moot. See
Texas Educ. Agency v. Dallas Indep. Sch. Dist., 797 S.W.2d 367, 369 (Tex. App.--Austin 1990,
no writ). Because we have affirmed the license revocation, injunctive relief preventing the Board
from revoking the license pending a hearing in the trial court would have no effect. Further,
appellant was granted the relief he asked for in his petition. When an appeal is moot, the
judgment must be set aside and the cause dismissed. Texas Parks & Wildlife Dep't v. Texas Ass'n
of Bass Clubs, 622 S.W.2d 594, 596 (Tex. App.--Austin 1981, writ ref'd n.r.e.).

 Because the appeal is moot, we set aside the judgment below and dismiss the cause.


Before Justices Powers, Aboussie and B. A. Smith

Judgment Set Aside and Cause Dismissed

Filed: June 21, 1995

Do Not Publish

1. [1]  At times, he complains of his license being defective or of having the only license in Texas
based on "medical credentials of the unknown quality of medical education and medical training."
2. [2]  This suit was cause number 93-07768, from which appellant apparently did not appeal.