OVERSTREET, J., joins this opinion.

## NATIONAL COLLEGIATE ATHLETIC ASSOCIATION and Texas Tech University, Appellants,

v.

## Joel Casey JONES, Appellee.

### No. 07–96–0424–CV.

Court of Appeals of Texas,
Amarillo.

Feb. 9, 1998.

Gibson, Ochsner & Adkins, L.L.P., Wayne P. Sturdivant, Todd O. Lafferty, Amarillo, for appellants.

Carr, Fouts, Hunt & Wolfe, L.L.P., Donald M. Hunt, Gary M. Bellair, Amarillo, for appellee.

Before BOYD, C.J., and DODSON and REAVIS, JJ.

DODSON, Justice.

The National Collegiate Athletic Association (the NCAA) appeals from the trial court's temporary injunction rendered in Joel Casey Jones's (Jones) declaratory judgment and damage action brought against the NCAA and Texas Tech University (Tech). The injunction is set aside and the appeal is dismissed as moot.

The record shows that the NCAA is a voluntary, unincorporated association of colleges and universities, conferences, affiliated associations and other educational institutions. Tech is a public university and a member institution of the NCAA. Jones was a student at Tech and a member of its foot-

ball team. At the time Jones filed his request for injunctive relief (in the fall of 1996), he was in his fifth year at the university, and in his final year to play football for Tech.

In the fall of 1996, Tech informed Jones that he was ineligible to play football because he had not passed the requisite number of credit hours as required by NCAA rules. In order to have Jones play, Tech filed three waiver requests with the NCAA's five-person "Subcommittee of the Academic Requirements Committee on Satisfactory Progress." All three were denied. Additionally, the university filed a written appeal with the NCAA's council. This was also denied. In October of 1996, Jones filed suit against Tech and the NCAA, requesting, among other things, injunctive relief mandating first, that he be allowed to play football for Tech for the remaining part of the 1996 football season, and second, that the NCAA be restrained from enforcing its restitution rule against Tech for complying with the court's temporary injunctive order rendered against Tech.

The trial court's temporary injunction ordered Tech, its officers and agents, to desist and refrain from taking any actions reinforcing any NCAA rule or bylaw to prevent Jones from participating as a member of Tech's football team until final judgment is rendered. The trial court further enjoined the NCAA from taking any disciplinary or other action adverse to Tech for its compliance with the court's order, or against Jones for exercising the rights granted under the injunction and from any other action which would in any respect circumvent the trial court's order. Specifically, the NCAA was enjoined from involving and enforcing NCAA Operating Bylaw 19.8 entitled "Restitution" in the event that the court's temporary restraining order or injunction as to the NCAA's determination of Jones's eligibility was subsequently voluntarily vacated, stayed,

or reversed, or it is finally determined by the trial court, or any other court, that injunctive relief is not justified.[1]

■ The parties raise several interesting issues and arguments in their briefs. However, it is unnecessary to address appellant's points of error because this court lacks jurisdiction to further consider this appeal since the trial court's temporary injunction no longer has any operative effect, and the issue of its validity is moot. Nevertheless, in its brief, the NCAA contends that the appeal is not moot. In support of its position, the NCAA relies on authorities from other jurisdictions. However, these authorities are neither controlling nor persuasive and in legal essence they are contrary to controlling Texas case law.

■ Our Supreme Court has repeatedly held that under our Constitution, the judicial power does not embrace the giving of advisory opinions. *Firemen's Ins. Co. of Newark, New Jersey v. Burch,* 442 S.W.2d 331, 333 (Tex.1968). Article 5, section 8 of the Texas Constitution, (Vernon 1993), does not empower the district court to render advisory opinions, and as jurisdiction is a constitutional matter, the Legislature, by enacting the Declaratory Judgment Act, has not and cannot empower the district court to render advisory opinions. *Id.; California Products, Inc. v. Puretex Lemon Juice, Inc.,* 160 Tex. 586, 334 S.W.2d 780 (1960). Accordingly, this court has no authority (*i.e.,* jurisdiction) to render advisory opinions. *See University Interscholastic League v. Jones,* 715 S.W.2d 759 (Tex.App.—Dallas 1986, writ ref'd n.r.e.), *cert. denied,* 484 U.S. 821, 108 S.Ct. 81, 98 L.Ed.2d 43 (1987)(stating that the courts are created solely for the judicial determination of *presently existing disputes* between the parties in which an effective judgment can be rendered rather than rendering advisory opinions).

---

1. NCAA Operating Bylaw 19.8 entitled "Restitution" provides in pertinent part that:

 If a student-athlete who is ineligible under the terms of the constitution, bylaws or other legislation of the Association is permitted to participate in intercollegiate competition contrary to such NCAA legislation but in accordance with the terms of a court restraining order or in-

junction operative against the institution attended by such student-athlete or against the Association, or both, and said injunction is subsequently voluntarily vacated, stayed, or reversed or it is finally determined by the courts that injunctive relief is not or was not justified, the Council may take any one or more of the following actions against such institution....

 It is established that when a temporary injunction is inoperative, and of no force and effect, the issue of the injunction's validity is moot. *Parr v. Stockwell*, 159 Tex. 440, 441, 322 S.W.2d 615, 616 (1959). Also, see *Texas Educ. Agency v. Dallas Indep. Sch. Dist.*, 797 S.W.2d 367, 369 (Tex.App.— Austin 1990, no writ); *Spring Branch I.S.D. v. Reynolds*, 764 S.W.2d 16, 18 (Tex.App.— Houston [1 st Dist.] 1988, no writ). Furthermore, when an appeal is moot, the judgment (*i.e.*, the temporary injunction in this instance) must be set aside and the appeal dismissed. *Spring Branch I.S.D. v. Reynolds*, 764 S.W.2d at 18, *supra. See also University Interscholastic League v. Sims*, 133 Tex. 605, 131 S.W.2d 94 (1939).

The primary function of the trial court's temporary injunction was to enjoin Tech and the NCAA from enforcing the NCAA eligibility rules against Jones and to prevent the NCAA and Tech from refusing to allow Jones to play his final football season for Tech. In this regard, it is a matter of common knowledge that the Tech football season ended with its participation in the Alamo Bowl in San Antonio on December 29, 1996. In this connection, after the 1996 football season ended for Tech, Jones had no further eligibility to play football for Tech under any perceivable circumstances. Thus, as between Jones and Tech, the temporary injunction had no further operative effect when the football season ended and the injunction became moot at that time.

Furthermore, as between Jones and the NCAA, the temporary injunctive provisions restraining the NCAA from retaliatory action against either Jones or Tech under the restitution rule had no further operative effect after the 1996 football season for Tech concluded because there was no justiciable controversy or pending action between Jones and the NCAA or the NCAA and Tech concerning the validity or enforcement of the restitution rule. In this regard, we also point out that Tech is not a party to this appeal, and the record before us does not show any pending cause of action between the NCAA and Tech concerning the validity or enforcement of the restitution rule.

Consequently, under the present circumstances, the issue as to whether the restitution rule is enforceable and valid is, as stated in *Burch*, 442 S.W.2d at 333, "hypothetical, 'iffy' and contingent." Accordingly, we conclude that any opinion by this court concerning the rule's enforceability or validity would be purely advisory and beyond our well-defined jurisdiction. *See Burch*, 442 S.W.2d at 333. *See also Texas Parks & Wildlife Dep't. v. Texas Ass'n of Bass Clubs*, 622 S.W.2d 594, 596 (Tex.App.—Austin 1981, writ ref'd. n.r.e.).

In sum, we conclude that the trial court's temporary injunction has no present operative effect and is moot. Accordingly, the trial court's temporary injunction is set aside as moot, and this appeal is dismissed.

Costs are adjudged against the party incurring same. *See University Interscholastic League v. Jones*, 715 S.W.2d at 761.