COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





The Honorable Jerry Caddel, Ector
County Judge, the Honorable Freddie
Gardner, Commissioner Pct. 1, the
Honorable Greg Simmons, Commissioner
Pct. 2, the Honorable Barbara Graff,
Commissioner Pct. 3, and the Honorable
Bob Bryant, Commissioner Pct. 4, 


 Appellant,


v.


Tracey Bright, Ector County Attorney ,


 Appellee.
§


§


§


§


§

§

§

§




No. 08-03-00336-CV


Appeal from the


358th Judicial District Court 


of Ector County, Texas


(TC#D-115,281)


M E M O R A N D U M O P I N I O N



 Appellee, the elected County Attorney of Ector County, Texas filed an original
mandamus action against Appellants, the County Judge and County Commissioners of Ector
County, Texas. A judgment was entered holding that Appellants exceeded their authority by
implementing a hiring freeze granting the writ of mandamus. Because we do not see how
any decision affirming or reversing the judgment addressing the propriety of that policy
decision can be anything but advisory we vacate the judgment of the trial court and dismiss
this cause as moot.

I. SUMMARY OF THE EVIDENCE

 On September 9, 2002, Appellants approved the Fiscal Year 2003 budget for Ector
County. The budget document included an appendix of the approved job positions for each
county department including the office of the County Attorney. Also on September 9, 2002,
the Appellants adopted a county-wide hiring freeze effective October 1, 2002 to coincide
with the budget cycle. Several months after the hiring freeze was passed, Appellee submitted
a request to Appellants for a waiver to allow Appellee to hire individuals to fill vacancies that
had occurred in her office. Her initial request was denied and Appellee submitted a second
request to waive the hiring freeze which was also denied.

 On May 1, 2003, Appellee filed her petition for writ of mandamus asking the district
court judge to order Appellants to either rescind the hiring freeze or allow Appellee to fill
the vacant positions. On June 17, 2003 a trial on the merits was held. On June 30, 2003, the
trial court signed a judgment granting Appellee's petition for writ of mandamus based on the
court's opinion that the Commissioner's had exceeded their authority by implementing a
hiring freeze. Appellants appeal that decision. 

 Subsequent to the filing of this appeal, Appellants approved a budget for Fiscal Year
2004 which began October 1, 2003. Appellants did not implement a hiring freeze. 


II. DISCUSSION

 Because the hiring freeze at issue in the original action has expired and no current
hiring freeze exists, this Court is of the opinion that no current controversy between the
parties exists. Courts are created not for purposes of deciding abstract or academic questions
of law or to render advisory opinions, but solely for judicial determination of presently
existing disputes between parties in which effective judgment can be rendered. Brownsville
Independent School Dist. Bd. of Trustees v. Brownsville Herald 831 S.W.2d 537, 538-39
(Tex. App.--Corpus Christi,1992, no pet.); University Interscholastic League v. Jones, 715
S.W.2d 759, 761 (Tex. App.--Dallas 1986, writ ref'd n.r.e.), cert. denied, 484 U.S. 821, 108
S.Ct. 81, 98 L.Ed.2d 43 (1987); see Texas Educ. Agency v. Dallas Indep. School Dist., 797
S.W.2d 367, 369 (Tex. App.--Austin 1990, no writ).

 When a judgment cannot have a practical effect on an existing controversy, the case
is moot. See Texas Educ. Agency, 797 S.W.2d at 369; Smith v. Crawford, 747 S.W.2d 938,
940 (Tex. App.--Dallas 1988, orig. proceeding); Board of Adjustment, City of Corpus Christi
v. McBride, 676 S.W.2d 705, 709 (Tex. App.--Corpus Christi 1984, no writ). A case can be
moot even if costs are still at issue. See State v. Gibson Prods. Co., 699 S.W.2d 640, 642
(Tex. App.--Waco 1985, no writ).

 When a cause becomes moot, an appellate court must dismiss the cause, not merely
the appeal. City of Garland v. Louton, 691 S.W.2d 603, 605 (Tex. 1985). Thus, we assess
costs against the party incurring them, vacate the trial court's judgment, and dismiss the
cause. See Texas Dept. of Health v. Long, 659 S.W.2d 158, 161 (Tex. App.--Austin 1983,
no writ). 

 Having determined that no actual controversy between the parties exists, we vacate
the judgment of the trial court and dismiss this cause as moot. Costs are assessed against the
party incurring same.

May 25, 2004



 RICHARD BARAJAS, Chief Justice




Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.