ACCEPTED
15-24-00057-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
3/3/2025 9:05 PM
CHRISTOPHER A. PRINE
CLERK

# No. 15-24-00057-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
3/3/2025 9:05:21 PM
CHRISTOPHER A. PRINE
Clerk

## In the
## Fifteenth Court of Appeals of Texas

Tarleton State University,
*Appellant*,

v.

Foundation for Individual Rights and Expression,
*Appellee.*

### MOTION FOR LEAVE TO INTERVENE ON APPEAL
### BY MEMBER OF THE PUBLIC
### AND
### FOR ACCESS TO THE APPELLATE RECORD

By

Wolfgang P. Hirczy de Mino, PhD
wphdmphd@gmail.com

Member of the Public

March 3, 2025

TO THE HONORABLE FIFTEENTH COURT OF APPEALS:

This motion is brought by Wolfgang P. Hirczy de Mino, PhD, in the role of a Member of the Public under the Public Information Act.

Hirczy de Mino previously appeared as Amicus Curiae in this case as well as in a number of other unrelated cases in the Texas Supreme Court and several intermediate courts of appeals on a variety of legal issues. Hirczy de Mino is a political scientist.

In this case, Hirczy de Mino ("Member of the Public" and "Movant") herein, also has a particularized interest as an actual requester under the Texas Public Information Act (PIA). This is in addition to having an interest in the substance of law and public policy in Texas, which includes the content of the state's jurisprudence and its quality.

Movant was unable to obtain some of the same records that were denied to the Foundation for Individual Rights and Expression (FIRE) and prompted the organization to file the underlying suit for mandamus relief against the University. FIRE here defends a summary judgment in its favor and has also cross-appealed the denial of attorney's fees, contending that it was entitled to them as the prevailing party in the trial court.

Because Movant is not only a member of the public under the Public Information Act with the right to request information, but a person whose requests for information was denied in part, he has sustained a particularized injury for constitutional standing purposes.

### A. Movant requested the same records as FIRE and was denied

On or about January 16, 2025, Movant made a request under the Texas Public Information Act to Tarleton State University for some of the same records that are at issue in this PIA appeal. See Appendix Item A.

In response, Movant was provided with an electronic copy of the **Separation Agreement and Release** between the University & the Faculty Member who is the target of FIRE's request for records pertaining to a personnel matter allegedly involving complaints by students. See Appendix Item B.

In addition to the employee severance agreement, Movant was also provided a **redacted copy of the personnel file** of the former faculty member that is the target of FIRE's request (approx. 140 pages).

Notably, the furnished records do not contain records of a sexual harassment or similar investigation, or final results thereof, even though that information was also specifically requested.[1]

Nor did Tarleton provide a copy of a police report pertaining to the (former) faculty member in question or assert that no such report exists.[2] Even assuming that the student complaints are covered by FERPA in their entirety and can be withheld in the discretion of the university under applicable law, campus police incident reports are not so covered because they are law enforcement records, rather than education records governed by FERPA and the corresponding provisions of the Texas PIA for student records.

## B. Movant finds himself in the same position as FIRE

Movant sought to obtain some of the same records that FIRE filed suit to compel release of, and those same records were withheld. Movant accordingly is a partially thwarted requester and is similarly situated with respect to FIRE. Stated differently, if FIRE has a justiciable interest in the court-compelled release of the disputed records, so does Movant.

Movant would accordingly be entitled to intervene under rule 60 in the court below, which is no longer feasible because this case is already on appeal. Movant's alternative remedy of filing his own petition for a writ of mandamus against Tarleton is inadequate as it would be subject to being abated with reference to this pending appeal. Even if the trial court did not abate a second suit against Tarleton for the same records, the outcome would almost certainly be the same. This exercise would entail needless duplication of litigation, which is generally to be avoided in the interest of judicial economy.

---

[1] This request reads as follows: "Please provide the final results information regarding any and all Title IX or other complaints filed against him and all non-confidential documents pertaining to the termination process. Feel free to redact the student names, which are presumably protected by FERPA.

[2] "If there are any campus police incident reports or investigations pertaining to [name of faculty member] I want those too. I believe the basic info must be released if criminal conduct was alleged. I have gotten such stuff before under the Open Records Act."

Moreover, any ensuing appeal from iterative trial court open records litigation against Tarleton, would be taken to Fifteenth Court of Appeals and its resolution would be governed by the precedent to be established in this case, either by the Fifteenth Court of Appeals or by the Texas Supreme Court, or some blended resolution by the two appellate courts resulting from their interaction. *See Tex. Right to Life v. Van Stean*, No. 23-0468, 2024 WL 4863170, --S.W.3d--  (Tex. Nov. 22, 2024) (per curiam)(sending case back to the intermediate court for further jurisdictional analysis antecedent to merits).

Under these procedural circumstances, all factors favor intervention in the already pending case brought by FIRE. To the extent rule 60 of the TRCP is not applied on appeal, Movant files this motion seeking leave and tenders the $10 filing fee.

### C. Movant and FIRE are at best only partially in agreement on litigation objectives

Although it is true that both FIRE and Movant seek release of the same records, their motives for doing so and their interests in the precedent to be set on appeal are not identical. Additionally, attorney's fees are at stake for FIRE while the same is not true of Movant, who is proceeding pro se.

As for substantive legal issues on appeal, Movant has already raised several as amicus curiae that were ignored by both parties in the pending litigation. Most importantly, there are serious concerns that FIRE may not be able to maintain this litigation due to certain jurisdictional deficiencies that uniquely pertain to its status and posture. All of these can be taken up by the court *sua sponte*.

For understandable reasons, FIRE does not like some of the legal and common-sense arguments already advanced by Movant, and therefore opposes his motion to intervene (while not opposing the filing by Movant of the documents obtained through his own PIA request to Tarleton). FIRE did not, however, articulate its reasons expressly when solicited to do so.

FIRE's opposition to Movant's intervention itself suggests that Movant's participation in this case would not be merely duplicative, but that it would add something of value to the adversarial presentation of all relevant viewpoints and would thus enhance the adjudication process. The additional issues to be raised

might even obviate a need for further litigation in the Texas Supreme Court following the forthcoming resolution here.

### D. Jurisdictional concerns as to FIRE's standing and mootness

Movant has already raised the issue of a lack of standing on the part of FIRE, which puts in question its ability to prevail on the merits as Appellee. It would also doom its cross-appeal seeking a remand for award of attorney's fees.

FIRE's standing is in doubt for multiple reasons: (1) Standing to sue without sufficient injury. (2) standing to sue as an out-of-state entity and therefore as a non-citizen of Texas, (3) doubtful claim to associational standing with respect to the student journalists whose interests FIRE seeks to vindicate through this litigation, and (4) likely mootness of any claims advanced on behalf of such student journalists several years ago, all of whom would presumably have graduated in the interim. *See, e.g., Hatten v. UIL*, No. 13-06-313-CV, 2007 WL 2811833, at *2 (Tex. App.—Corpus Christi Sept. 27, 2007, no pet.) (mem. op.) (student athlete's graduation mooted suit against the UIL); *Spring Branch ISD v. Reynolds*, 764 S.W.2d 16, 17 (Tex. App.—Houston [1stDist.] 1988, no writ) (same); *UIL v. Jones*, 715 S.W.2d 759, 761 (Tex. App.—Dallas 1986, writ ref'd n.r.e.) (same).

### E. Movant has a more solid basis for constitutional standing

Movant is unaffected by the jurisdictional problems potentially undermining FIRE's litigation position because (1) he is a resident of Texas, (2) he does not advocate for college students/journalists who may since have graduated (he has instead advocated for faculty interests in the past), and (3) he has a legitimate interest in the disputed information and therefore possess standing that goes beyond statutory standing as a thwarted requester under the PIA who wishes to obtain the records that Tarleton is withholding through a judicial writ. In short, Movant is not only a member of the public entitled to invoke the public information act, but one actually requested information and was unsuccessful in part. Because Tarleton University denied access to records pertaining to student complaints about a faculty member and that faculty member's ensuing disciplinary proceeding, Movant has suffered an informational injury not shared by the pubic at large.

The interests on the part of Movant are, at least in part, academic in nature. Movant is a political scientist whose research interests include sex discrimination issues. Movant previously published a law review article on the

Texas Equal Rights Amendment in the Albany Law Review. He has also authored a chapter for a book on Sexual Harassment & Consent.

Although Movant is now retired and no longer affiliated with a university, he continues to engage in scholarly endeavors. Most recently, Movant has completed a manuscript in the nature of a law review article/critique on an unconventional use of the federal interpleader as a litigation vehicle.

### F. If FIRE does not have standing, Movant does

While there are serious concerns about whether FIRE can maintain this appeal, the factual premises of those concerns do not affect Movant, who, as a party to this case, would carry on this litigation toward a resolution on the merits. According to the Texas Supreme Court, it is sufficient for one party among several to have standing.[3] Movant might accordingly be in a position to cure possible standing defects or deficiencies that afflict FIRE.

As for mootness, Movant does not sue for the benefit of persons who were students years ago and have since graduated. He made his PIA request only a few weeks ago, and his claim based on Tarleton's withholding of the requested information at issue in this lawsuit is therefore very much alive.

Critically, Movant has need-based standing in his own right (rather than derivatively or in a representational capacity) because he has socio-legal research interests which implicate the PIA as one method of obtaining relevant source material. Tarleton has not fully complied with the requests for information and has thereby hampered Movant's research.

Movant accordingly has standing to sue under PIA that goes beyond the standing of "any person" while FIRE appears to only have statutory standing combined with a very dubious interest in making caselaw as an out-of-state advocacy groups coupled with an interest to obtain attorney's fees as a reward for successfully litigating (assuming it prevails on appeal). Movant, of course, has an interest in affecting the substance of the jurisprudence in PIA-related issues as well. But Movant's justiciable interest goes beyond the mere desire to influence the jurisprudence on the Texas Public Information Act. He wants to put the information to be obtained to good use and stymied by having access denied.

---

[3] State v. Zurawski, 690 S.W.3d 644 (Tex. 2024).

## CONCLUSION AND PRAYER

For the above-articulated reasons, the Court should allow Movant to participate as a party on appeal and authorize Movant to file a party brief on the merits, or – *alternatively* - a motion for rehearing if any additional party briefs are deemed untimely, given the case's post-submission status.[4]

Independently, and irrespective of how this motion is resolved, the Court is requested to provide Movant and any other member of the public who makes a similar request, electronic access to the Clerk's Record and the Reporter's Record in this case. This is, after all, an open records case in which the court below has already ruled in favor of release of records that were presumably not even inspected *in camera*.[5] At least the litigation paper trail ought to be open to inspection to the public prior to a final resolution of the appeal.[6]

Respectfully submitted,

/S/ *Wolfgang P. Hirczy de Miño*

Wolfgang P. Hirczy de Mino, PhD
wphdmphd@gmail.com
Houston, Texas

Political Scientist, not Attorney

Member of the Public
Requestor under the Texas Public Information Act

---

[4] Movant notes that the TRAPs only authorize parties to the case to move for rehearing.
[5] Neither one of the existing parties agreed to furnish the appellate record to the undersigned in response to requests directed to their respective attorneys.
[6] And a party brief would require citations to the appellate record.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is simultaneously e-serving the attorneys of record for all parties to this case through the efiling system.

This motion consists of ca 2,333 words as indicated by the word count feature of Microsoft Word.

*/s/ Wolfgang P. Hirczy de Mino*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he made a reasonable effort to find out whether this motion is opposed/unopposed by contacting the attorneys of record February 22, 2025, by email. The results are as follows:

Appellee/Cross-Appellant FIRE is opposed to the motion, but not to the filing of the documents obtained by Movant through his own PIA request.

Appellant Tarleton University's position is unknown because its attorney (Ms. Bixby-Lawson) did not respond to Movant's email sent to alyssa.bixby-lawson@oag.texas.gov.

*/s/ Wolfgang P. Hirczy de Mino*

# APPENDIX

A. Movant's PIA Request to Tarleton State University (Jan. 2025)

B. Separation Agreement & Release (2018)

C. Redacted Personnel File (compilation of documents spanning multiple years)

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 98015886
Filing Code Description: Motion
Filing Description: Motion for Leave to Intervene on Appeal by Member of the Public
Status as of 3/4/2025 8:00 AM CST

Associated Case Party: FIRE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Gabriel Walters | | gabe.walters@thefire.org | 3/3/2025 9:05:21 PM | SENT |
| JT Morris | | jt.morris@thefire.org | 3/3/2025 9:05:21 PM | SENT |

Associated Case Party: WolfgangP.Hirczy de Mino

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Wolfgang PHirczy de Mino | | wphdmphd@gmail.com | 3/3/2025 9:05:21 PM | SENT |

Associated Case Party: TARLETON STATE UNIVERSITY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Alyssa Bixby-Lawson | | alyssa.bixby-lawson@oag.texas.gov | 3/3/2025 9:05:21 PM | SENT |

Associated Case Party: Member of the Public (MOTP)

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Wolfgang Hirczy de Mino | | wphdmphd@gmail.com | 3/3/2025 9:05:21 PM | SENT |