F. C. D. WADSWORTH v. W. CHICK, ADM'R, ET AL.

(Case No. 4408.)

1. JURISDICTION.— The probate court had no jurisdiction over contests for the estate of a decedent between the administrator and one claiming it by virtue of a gift *causa mortis;* and the district court would acquire no jurisdiction by an appeal prosecuted by the administrator from a judgment rendered against him and in favor of the claimant. An appeal in such proceeding from the judgment of the district court was dismissed at the costs of the claimant, by whom the suit was improperly brought.

APPEAL from San Saba. Tried below before the Hon. W. A. Blackburn.

The opinion states the case.

*A. D. McGinnis,* for appellant.

*John C. Townes,* for appellee.

BONNER, ASSOCIATE JUSTICE.— This suit was instituted in the probate court of San Saba county by appellant, Mrs. Wadsworth, against appellee, W. Chick, as the administrator of the estate of F. W. Taylor, deceased. Mrs. Wadsworth claimed to be the owner of the whole estate, valued at over $1,000, by virtue of a gift to her *causa mortis* by the deceased, F. W. Taylor, and prayed that she be permitted to give bond under the Revised Statutes (arts. 1964–72) and take possession of the estate. Her claim was contested by the administrator, and upon trial had in the probate court, it was adjudged that the title of Mrs. Wadsworth be established, and that the administrator deliver the estate to her upon giving bond under the statute. From this judgment the administrator appealed to the district court. During the pendency of this appeal, C. L. Taylor and others, as the heirs at law of F. W. Taylor, deceased, were permitted to intervene and become parties to this appeal, and on the final trial thereof in the district court, it was adjudged that Mrs. Wadsworth take nothing by her suit, that the administrator make final settlement of the estate, and pay over to the intervenors the remaining assets. From that judgment Mrs. Wadsworth prosecutes this appeal.

We are met on the threshold of this case with a question which, in our opinion, is fatal to the suit of Mrs. Wadsworth as instituted. She does not claim to be either an heir, devisee or legatee of the estate of F. W. Taylor, but claims the whole of the estate by title from Taylor himself, made during his life-time.

The probate court has neither constitutional nor statutory jurisdiction over such cases, and its powers and machinery are wholly inadequate to try and determine such contested issues.

That court not having original jurisdiction, it would, by a familiar principle, follow, that jurisdiction could not be conferred by appeal upon the district court. Baker v. Chisholm, 3 Tex., 157; Davis v. Stewart, 4 Tex., 223; Able v. Bloomfield, 6 Tex., 263; Horan v. Wahrenberger, 9 Tex., 317; Neil v. The State, 43 Tex., 91.

The judgments both of the probate court and of the district court on appeal were without authority of law, and the same are hereby reversed and the cause dismissed for want of jurisdiction. Able v. Bloomfield, 6 Tex., 263; Neil v. The State, 43 Tex., 91. And inasmuch as appellant, Mrs. Wadsworth, in the first instance improperly brought her suit in a court which did not have jurisdiction thereof, the costs of both the probate and the district court are adjudged against her, and the cost of this appeal is adjudged against her and the sureties on her appeal bond.

REVERSED AND DISMISSED.

[Opinion delivered May 13, 1881.]