WILSON LUMPKIN v. E. B. SMYTH, GUARDIAN, ETC.

1. APPEAL FROM PROBATE TO DISTRICT COURT.— Under the probate acts of the fifteenth legislature (August 9 and 18, 1876), a bond was required as a prerequisite to an appeal from the county to the district court in cases pertaining to estates of deceased persons.
2. SAME.— An application for the probate of a will was resisted in the county court by a guardian of the estate of certain minors; being unsuccessful, appeal was taken to the district court July, 1879. *Held*, a motion to dismiss the appeal for want of jurisdiction, resulting from the absence of an appeal bond, should have been sustained.

ERROR from Anderson. Tried below before the Hon. Peyton F. Edwards.

*I. J. Williams*, for plaintiff in error.

*Greenwood & Gooch* and *R. A. Reeves*, for defendant in error.

The first assignment of error of the plaintiff in error is, "That the district court erred in overruling the motion of said Lumpkin to dismiss the appeal from the county court, filed December 5, 1879, because said Smyth, as guardian, etc., had given no appeal bond as required by law."

The guardian of the estate of the minor had, at the date of the appeal in this case, the legal right to appeal from the decree of the county court to the district court without giving an appeal bond. See R. S., art. 1439; General Laws of the 12th Leg., §§ 420, 421, 422, 424, 425; Acts of the 15th Leg., p. 192, §§ 197, 198, 199, 200, 201, 202; Sayles' Practice, sec. 681; Davis v. Thomas, 5 Tex., 389; Peabody v. Marks, 25 Tex., 19; Act of 1876; R. S., art. 2713; Ennis v. Crump, 6 Tex., 35; Daniels v. Gregg, 13 Tex., 384; Battle v. Howard, 13 Tex., 347.

BONNER, ASSOCIATE JUSTICE.— This proceeding was instituted on December 9, 1878, in the county court of Anderson county, by the application of Wilson Lumpkin, plaintiff in error, to probate a certain written instrument as the last will and testament of E. W. D. Murchison, deceased. E. B. Smyth, defendant in error, as the guardian of the estates of Benjamin and Walter Murrell, contested its probate. On the trial in the county court, had July 26, 1879, the instrument was admitted to probate as such will, to which Smyth, as such guardian, excepted, and gave notice of appeal to the district court, and prosecuted the same without bond. In the district court Lumpkin made motion to dismiss the appeal because

no bond had been given, which motion was by the court overruled, and the decree of the probate court reversed. From this latter judgment Lumpkin sues out this writ of error, and assigns as one of the errors below, the judgment overruling his motion to dismiss the appeal to the district court.

The decision of this question depends upon the proper construction of our statutes of 1876, bearing upon this subject. By the preceding act of March 16, 1848 (Pasch. Dig., art. 1503), it was provided that no security should be required of executors or administrators of deceased persons' estates, in appeals taken in suing for money or property, etc. This statute did not in terms embrace guardians, and that it did not exempt them from giving bonds in cases of appeal has been expressly decided by this court. Watson v. Guest, 41 Tex., 559.

By section 420, probate act of August 15, 1870 (Pasch. Dig., art. 5783), providing for appeals in matters of probate from the probate to the district court, any person who might consider himself aggrieved by any decree, order or judgment of the probate court might appeal as a matter of right, without bond. That act not only legislated upon the subject matter of estates of deceased persons, but over that also of the guardianship of estates of living persons. Pasch. Dig., arts. 6890–6993.

Subsequently, in 1876, the fifteenth legislature passed two separate acts covering the subject matter of the above act of 1870; one, approved August 9, 1876, entitled "An act to regulate proceedings in the county court pertaining to the estates of deceased persons" (Gen. Laws 15th Leg., 93); and the other, approved August 18, 1876, entitled "An act to provide for the guardianship of persons and estates of minors," etc. (Gen. Laws 15th Leg., 175). The former of these two acts seems to have been mainly copied from the probate act of 1848, and the latter, so far as the same relates to guardianships, from that of 1876. By sec. 197 of the act of 1876, pertaining to guardianships (Gen. Laws 15th Leg., 192), an appeal from any decision, order or judgment pertaining to matters of guardianship was given as a matter of right, without bond, not only to the guardian, but to any person who might consider himself aggrieved. But by sec. 130 of the act of 1876, pertaining to estates of deceased persons (Gen. Laws 15th Leg., 128), a bond was required as a prerequisite to an appeal from the county to the district court in cases pertaining to estates of deceased persons. The controversy in this case arose under this act of 1876, pertaining to estates of deceased persons, and not under that pertaining to guardianships, and hence the pro-

visions of the former requiring an appeal bond, and not that of the latter dispensing with such bond, must govern. The jurisdiction of the district court, therefore, did not attach, and that court erred in overruling the motion to dismiss the appeal.

It is not inappropriate to mention that the Revised Statutes now in force contain an act similar to that above quoted (Pasch. Dig., art. 1503), but extending its provisions so as to include guardians. R. S., art. 1408.

The judgment of the court below should be reversed and the cause dismissed for want of jurisdiction, and the cost of the district court and of this court should be adjudged against the defendant in error, E. B. Smyth (Wadsworth v. Chick, 55 Tex., 241), and it is accordingly so ordered.

REVERSED AND DISMISSED.

[Opinion delivered October 13, 1882.]