CITY OF GARLAND, Texas, By and Through its MAYOR AND CITY COUNCIL, Appellant,

v.

Bobby C. LOUTON and Garland Professional Firefighters Association, Appellees.

No. 05–84–00036–CV.

Court of Appeals of Texas, Dallas.

Sept. 21, 1984.

Rehearing Denied Jan. 2, 1985.

Charles M. Hinton, Jr., City Atty., Garland, Fred Weldon, Asst. Atty. Gen., Dallas, for appellant.

Kenneth H. Molberg, Dallas, for appellees.

Before STEPHENS, VANCE and ALLEN, JJ.

*On Motion For Rehearing*

VANCE, Justice.

The appellant's motion for rehearing is granted. Our former opinion is withdrawn and the following is now our opinion.

Appellees, Bobby Louton and the Garland Professional Firefighters Association (Louton), bring to this court a motion to dismiss the appeal brought by the appellant, City of Garland, from both the grant of a writ of mandamus by the 14th Judicial District Court directing that an election be held on the issue of firefighter pay raises, and the district court's refusal to grant the City certain declaratory relief. We grant the motion to dismiss the appeal of the writ of mandamus because of mootness. Furthermore, the appellant's challenge to the district court's refusal to grant it certain declaratory relief is also overruled because the record before us shows no evidence of notice of the City's counterclaim to the Attorney General of the State of Texas, as mandated by statute. Therefore, the trial court was without jurisdiction and properly dismissed the action.

This action was initiated by the appellee in the 14th Judicial District Court of Dallas County, Texas, seeking the issuance of a writ of mandamus directed to the City of Garland to compel the holding of a city-wide referendum on the issue of increased pay for Garland firefighters, pursuant to TEX.REV.CIV.STAT.ANN. art. 1269q (Vernon Supp.1984). In addition to its answer to the firefighters' petition for the writ, the City counterclaimed for declaratory relief, alleging that article 1269q is unconstitutional. Following trial to the court, the writ was granted and the City's request for declaratory relief dismissed. The City subsequently brought this appeal. Meanwhile, the election which had been ordered by the court was held by the City on January 21, 1984.

Louton first contends that the City's appeal from the issuance of the writ of mandamus ordering an election must be dismissed for mootness since the election has already been held and completed on January 21, 1984. The City contends, however, that we may not recognize the election because evidence of the election was not properly presented to the trial court. We disagree. A court of appeals may take judicial notice of matters which are of "common knowledge," i.e., "certain, commonly known, easily ascertainable and indisputable facts." *Buckaloo Trucking Co. v. Johnson*, 409 S.W.2d 911, 913 (Tex.Civ. App.—Corpus Christi 1966, no writ). Furthermore, if the facts are of common, everyday knowledge in the jurisdiction, which everyone of average intelligence and knowledge can be presumed to know, and are not disputable, then this court may take judicial notice. *See City of Austin v. Selter*, 415 S.W.2d 489, 501 (Tex.Civ.App.— Austin 1967, writ ref'd n.r.e.); TEX.R. EVID. 201. We hold that the fact that the City of Garland held a municipal election on January 21, 1984, is certain, commonly known, easily ascertainable, and an indisputable fact, and thus we may take judicial notice of the fact of the election. *See Moore v. Gordon*, 122 S.W.2d 239, 242 (Tex.Civ.App.—Beaumont 1938, writ dism'd) (court of appeals held that very

recently held municipal bond election was a matter of "common knowledge").

■ The Texas Supreme Court has held in *City of West University Place v. Martin,* 132 Tex. 354, 123 S.W.2d 638 (1939), that when a city appeals from a writ of mandamus issued against it, the appeal itself suspends the trial court's issuance of the writ without the necessity of filing a supersedeas bond and the court's order need not *and should not* be carried out. *Id.* at 638–39; TEX.REV.CIV.STAT.ANN. art. 1174 (Vernon 1963). Furthermore, if a city goes ahead and carries out the order of the trial court contained in the writ of mandamus, the case must be dismissed for mootness since there no longer exists any actual controversy between the parties on the date of submission to the appellate court. *Martin,* 123 S.W.2d at 639. Thus, since the City has already held the election and thereby carried out the order of the trial court, there is no longer any controversy between the parties for this court to hear. Accordingly, the appeal of the writ of mandamus is dismissed as moot.

■ The City's appeal of the district court's refusal to grant the declaratory relief sought in its counterclaim is also dismissed. The record before us is completely void of any evidence that the Attorney General of the State of Texas was properly served with process as mandated by TEX. REV.CIV.STAT.ANN. art. 2524–1, § 11 (Vernon 1965). Thus, the trial court lacked jurisdiction to proceed with the action. Accordingly, dismissal was appropriate. *Commissioners Court of Harris County v. Peoples National Utility Co.,* 538 S.W.2d 228 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.); *Burke v. Hutcheson,* 537 S.W.2d 312, 315 (Tex.Civ. App.—Eastland 1976, writ ref'd n.r.e.). We note, however, that the recitations in the court's judgment stated that the action was "dismissed *upon the merits.*" (emphasis added). Nevertheless, since the court was without jurisdiction to proceed with the action, the dismissal was not one on the merits, regardless of any recitations to the contrary by the trial court. However, since

such recitations were erroneously entered into the judgment, we order that the judgment be reformed and the words "upon the merits" deleted.

■ The City contends, however, that because Louton did not make any objection to the jurisdiction of the court at trial, then any objection was thereby waived. We disagree. Lack of jurisdiction is a fundamental error which may be reviewed for the first time on appeal. *Texas Employment Commission v. International Union of Electrical, Radio and Machine Workers, Local No. 782,* 163 Tex. 135, 352 S.W.2d 252, 253 (1961); *Long v. Fox,* 625 S.W.2d 376 (Tex.App.—San Antonio 1981, writ ref'd n.r.e.); *see Pirtle v. Gregory,* 629 S.W.2d 919, 920 (Tex.1982). Furthermore, because the error is fundamental, it *must* be noted and reviewed by the appellate court *at any time* it appears. *Fincher v. City of Texarkana,* 598 S.W.2d 22, 23 (Tex. Civ.App.—Texarkana 1980, writ ref'd n.r. e.). Thus, even though not properly raised at trial, the trial court lacked jurisdiction to hear this cause of action and, accordingly, dismissal was appropriate.

The appeal from the writ of mandamus is dismissed, the trial court's dismissal of the City's counterclaim is affirmed, and the trial court's judgment is hereby ordered reformed.