Patrick Eugene
**McCULLOCH, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–86–271–CR.**

Court of Appeals of Texas,
Fort Worth.

Oct. 22, 1987.
Discretionary Review Refused Feb. 10,
1988.

Tom Whitlock, Denton, for appellant.

Jerry Cobb, Crim. Dist. Atty., Jim E. Crouch, Asst. Dist. Atty. Denton, for State.

Before FENDER, C.J., and JOE SPURLOCK, II and FARRIS, JJ.

## OPINION

FENDER, Chief Justice.

Patrick Eugene McCulloch appeals his conviction for arson. *See* TEX. PENAL CODE ANN. sec. 28.02 (Vernon 1974). Punishment, enhanced by a prior robbery conviction, was assessed by the jury at twenty years' confinement in Texas Department of Corrections. Appellant presents two points of error complaining that evidence was insufficient to support a verdict of guilty and that the court misquoted the law of arson in its instructions to the jury.

We affirm.

In his first point of error, appellant complains that the evidence is insufficient to prove that appellant caused an explosion. The standard of review for sufficiency of the evidence is the same for both direct and circumstantial evidence. That standard is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. State,* 672 S.W.2d 801, 803 (Tex.Crim.App.1984). We apply this standard by examining all the evidence and determining whether the evidence supports an inference other than the guilt of the accused. *See Brandley v. State,* 691 S.W.2d 699, 703 (Tex.Crim.App. 1985).

■ The evidence presented by the prosecution was quite detailed. At 4:00 p.m. on March 1, 1986, appellant had entered the home of Marcella Franklin without knocking. Franklin asked appellant to leave and appellant did so. Around 8:00 p.m. that evening appellant called Franklin threatening that Franklin would "pay dearly" for having two narcotic agents at her home earlier that day. Franklin and her son both testified that shortly thereafter they saw appellant walking down their neighborhood street with what appeared to be a gasoline can. Not much later, a neighbor rang the doorbell and told the Franklins their house was on fire. Young, another neighbor, testified that he saw appellant hiding in the bushes across the street from the Franklin's house at the time he noticed the house on fire.

Jerry McCormick, with the Denton Fire Department, testified that gasoline had been poured along the outside of the house and set on fire. McCormick stated the burn pattern where it burned the grass coupled with the odor both indicated the flammable liquid was gasoline.

The court's charge to the jury in relevant part read "did then and there intentionally start a fire *and* cause an explosion ...". Appellant argues that the entire record on appeal is completely devoid of any evidence of an explosion. We do not agree with appellant's argument.

■ Texas courts have recognized that an appellate court may take judicial notice in a civil case of a proper fact even though the trial court was not requested to take judicial notice of the fact and did not formally announce that it had done so. *See City of Garland v. Louton,* 683 S.W.2d 725, 726 (Tex.App.—Dallas), *rev'd on other grounds,* 691 S.W.2d 603 (Tex.1985); *Continental Oil Co. v. Simpson,* 604 S.W.2d 530, 535 (Tex.Civ.App.—Amarillo 1980, writ ref'd n.r.e.); *Vahlsing, Inc. v. Missouri Pac. R. Co.,* 563 S.W.2d 669, 674 (Tex.Civ. App.—Corpus Christi 1978, no writ); and *Texas Securities Corporation v. Peters,* 463 S.W.2d 263, 265 (Tex.Civ.App.—Fort Worth 1971, no writ). Likewise, Texas courts reviewing criminal appeal cases have held that judicial notice may be taken

at the appellate level of facts that were not judicially noticed by the trial court. *See Gonzales v. State,* 723 S.W.2d 746, 751–52 (Tex.Crim.App.1987); *Lewis v. State,* 674 S.W.2d 423, 426–27 (Tex.App.—Dallas 1984, pet. ref'd); and *Siroky v. State,* 653 S.W.2d 476, 480 (Tex.App.—Tyler 1983, pet. ref'd). A court of appeals may take judicial notice of facts which are notorious, well known or easily ascertainable. *Lewis v. State,* 674 S.W.2d 423, 426 (Tex.App—Dallas 1984, pet. ref'd). Therefore, we take judicial notice of the explosive nature of gasoline.

Considering all the evidence in the light most favorable to the prosecution, we hold a rational trier of fact could have found appellant guilty of arson beyond a reasonable doubt. The evidence excludes every reasonable hypothesis other than appellant's guilt. Appellant's first point of error is overruled.

Appellant, in his second point of error, contends the trial court misquoted the law of arson in his instruction by failing to instruct the jury that arson can be committed by also causing an explosion. Appellant argues this deletion equalled a comment on the weight of the evidence by the trial court.

Inasmuch as appellant did not object at trial to the error in the court's charge, we must decide whether the error was so egregious and created such harm that appellant has not had a fair and impartial trial. *See Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984) (opinion on reh'g).

In making this determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and other relevent information revealed by the record of the trial as a whole." *Almanza,* 686 S.W.2d at 171.

The application paragraph of the charge contained the omitted wording of which appellant complains. The application paragraph required the jury to find that appellant both "started a fire *and* caused an explosion." When considering the correct wording of the jury charge, we hold appellant has failed to show that the error

caused him egregious harm. *Id.* Appellant's point of error two is overruled.

The judgment of the trial court is affirmed.