



## MEMORANDUM OPINION

No. 04-07-00751-CV

### IN THE MATTER OF L.S.

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-JUV-01116
Honorable Carmen Kelsey, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:    Alma L. López, Chief Justice
            Phylis J. Speedlin, Justice
            Rebecca Simmons, Justice

Delivered and Filed:  July 30, 2008

DISMISSED AS MOOT

L.S., a juvenile, appeals from an order modifying his disposition and placing him in the

custody of the Chief Juvenile Probation Officer for purposes of placement outside the home. We

hold that L.S.'s appeal is moot, and therefore, we dismiss the appeal.

### FACTS AND PROCEDURAL BACKGROUND

On March 27, 2007, L.S., while living with his mother, was taken into custody by police

following an incident that occurred at L.S.'s home. L.S.'s mother called police after an argument

arose between her and L.S. in which L.S. refused to go to school, threw books at her and said, "I'm

going to kick your ass, I'm going to kill you."  The State filed a petition alleging that L.S. engaged

in delinquent conduct by committing the offense of terroristic threats against a family member. *See*

TEX. PENAL CODE ANN. § 22.07(a)(2) (Vernon 2003) ("A person commits an offense if he threatens to commit any offense involving violence to any person or property with intent to . . . place any person in fear of imminent serious bodily injury . . . .").

Subsequently, on April 17, 2007, L.S. pled "true" to the offense of terroristic threat and, under a plea agreement, was placed on juvenile probation in the custody of his mother until his eighteenth birthday. As conditions of his probation, L.S. was required to be home each evening by 6:00 p.m. and to comply with the Intensive Clinical Services Unit (ICSU) of the Juvenile Probation Department. On August 6, 2007, the State filed a motion to modify disposition, alleging that L.S. violated the terms of his probation when he: (1) failed to be at his residence by 6:00 p.m. on May 19, 2007; and (2) failed to comply with the ICSU on April 26, 2007 and April 30, 2007.

At a hearing on September 4, 2007, L.S. pled "true" to both violations without a plea bargain. The State then offered into evidence L.S.'s written stipulation as State's Exhibit No. 1.[1] The exhibit contains a Gang Unit Field Contact Report stating that L.S. was not home after his curfew on May 19, 2007, that he did not attend appointments at the Center for Health Care Services on April 26, 2007 and April 30, 2007, and that he did not attend an ICSU appointment on May 23, 2007. The trial court discovered, however, that the State had mistakenly omitted from the exhibit the conditions of L.S.'s probation, and instead had included conditions of probation for another juvenile. The State

---

[1] The Written Waiver and Consent to Stipulation of Testimony reads, in pertinent part, as follows: I, [L.S.], do hereby judicially admit and confess the following: . . . (III.) That [the State] alleges that [L.S.] violated Condition Number SEVEN (7) of the Conditions of Probation which states I WILL FOLLOW THE CURFEW SET BY THIS COURT: WEEKDAYS (SUNDAY/THURSDAY) 6:00 P.M. WEEKENDS (FRIDAY/SATURDAY) 6:00 P.M., when on or about the 19th day of MAY, A.D., 2007, in Bexar County, Texas, [L.S.] FAILED TO BE AT HIS PLACE OF RESIDENCE BY 6:00 P.M. (IV.) That [the State] alleges that [L.S.] violated Condition Number TWENTY-SEVEN (27) of the Conditions of Probation which states I WILL COMPLY WITH THE INTENSIVE CLINICAL SERVICES UNIT, IF ACCEPTED when on or about the 26th and 30th day of APRIL, A.D., 2007 in Bexar County, Texas, [L.S.] FAILED TO COMPLY WITH THE INTENSIVE CLINICAL SERVICES UNIT.

never submitted the correct conditions of L.S.'s probation at the modification hearing, nor does the record reflect that the trial court was asked to take judicial notice of the original disposition proceeding. At the end of the hearing, the trial court found the curfew violation to be "true" but, due to the omission, found the second violation unsupported by the evidence. Upon the State's recommendation, the trial court continued L.S. on probation but ordered that he be placed outside his home and in the custody of the Chief Juvenile Probation Officer until his eighteenth birthday.

## ANALYSIS

On appeal, L.S. argues that the trial court abused its discretion in finding that L.S. violated his probation because the evidence regarding the conditions of his probation was legally and factually insufficient. According to L.S., because the State placed in evidence a set of conditions for another juvenile and because L.S. stipulated to these conditions and not his own, the trial court did not have sufficient evidence to support its judgment. Further, L.S. argues that even though the conditions are contained in the clerk's record, because the conditions were not admitted into evidence at the modification hearing, the "reasonable and lawful order of the court" was not part of the record as considered by the trial court at the September 4, 2007 modification hearing. *See* TEX. FAM. CODE ANN. § 54.04(d)(1) (Vernon Supp. 2007).

At the outset, we note that a case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982). L.S.'s eighteenth birthday has passed and his disposition has automatically terminated.[2] *See* TEX. FAM. CODE ANN. § 54.05(b) (Vernon 2002) (all dispositions automatically

---

[2] L.S. was born on April 2, 1990.

terminate when the child reaches his eighteenth birthday). Thus, unless L.S.'s claim falls under an exception to the mootness doctrine, we must dismiss the appeal as moot, and therefore nonjusticiable.

We recognize two exceptions to the mootness doctrine: (1) cases capable of repetition yet evading review; and (2) the collateral consequences exception. *Gen. Land Office of Tex. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex. 1990). The first exception applies when "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975). The second exception pertains to "collateral consequences," severely prejudicial events, the effects of which continue to stigmatize helpless or hated individuals that is, long after the unconstitutional judgment has ceased to operate. *State v. Lodge*, 608 S.W.2d 910, 912 (Tex. 1980). For instance, in *Carrillo v. State*, 480 S.W.2d 612, 617 (Tex. 1972), our Supreme Court held that a minor who had served a thirty-day sentence and had been discharged from probation while his case was on appeal had the right to clear himself by appeal, and that that right did not disappear when the sentence given was so short that it expired before the appellate process was completed. Adjudications, the *Carrillo* court noted, carry "deleterious collateral effects and legal consequences in addition to any stigma attached to being adjudged a juvenile delinquent." *Id.*

We find the first exception inapplicable because we see no possible expectation that the same complaining party, L.S., will be subjected to the same action again. L.S. is no longer a juvenile; therefore, he is no longer subject to a modification hearing or the juvenile courts' jurisdiction. We find that the second exception also does not apply because L.S. is not appealing his adjudication.

L.S. pled "true" to the allegations against him, and therefore, any collateral consequences associated with his adjudication would not be affected even if we were to conclude that the juvenile court erred in assessing his punishment. Furthermore, the sentence itself does not carry collateral consequences any greater than those flowing from his adjudication as a delinquent. Thus, we conclude that L.S.'s appeal of the disposition order does not fall within the collateral consequences exception.

Ordinarily, when a case becomes moot, the appellate court must dismiss the cause, not just the appeal. *City of Garland v. Louton*, 691 S.W.2d 603, 605 (Tex. 1985). In this appeal, however, we are not presented with the issue of whether the entire cause is moot. Rather, we conclude that the single issue presented by the appellant is moot. Therefore, we dismiss this appeal as moot.

## CONCLUSION

We find that L.S.'s appeal does not fall under either exception to the mootness doctrine, and we dismiss the appeal as moot.

Phylis J. Speedlin, Justice