ACCEPTED
03-14-00340-CV
5406063
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/22/2015 5:01:17 PM
JEFFREY D. KYLE
CLERK

# No. 03-14-00340-CV

_____

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/22/2015 5:01:17 PM
JEFFREY D. KYLE
Clerk

*In the Court of Appeals*
*Third District of Texas at Austin*

_____

CPS ENERGY, ET AL.
Appellants,


v.


PUBLIC UTILITY COMMISSION OF TEXAS, ET AL.
Appellees.

_____

## THE PUBLIC UTILITY COMMISSION OF TEXAS'
## POST-SUBMISSION RESPONSE BRIEF

_____

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil
Litigation

JON NIERMANN
Chief, Environmental Protection
Division

May 22, 2015

DOUGLAS FRASER
Assistant Attorney General
State Bar No. 07393200

MEGAN NEAL
Assistant Attorney General
State Bar No. 24043797

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548, MC 066
Austin, Texas 78711-2548
(512) 463-2012
(512) 457-4610 (fax)
douglas.fraser@texasattorneygeneral.gov
megan.neal@texasattorneygeneral.gov

# TABLE OF CONTENTS

**PAGE**

FACTUAL BACKGROUND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.     This Court lacks subject-matter jurisdiction to rule on an advisory decision. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B.     The Commission is part of the executive branch and can give advice. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    C.     Whether the FCC's amendments will be applied in the future is not ripe for adjudication. . . . . . . . . . . . . . . . . . . . . . . 6

    D.     AT&T and Time Warner are incorrect that this is a declaratory judgment action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    E.     This Court recently refused to adjudicate an advisory decision under similar circumstances. . . . . . . . . . . . . . . . . . . . . . . 9

    F.     The Commission correctly found that the amendments should apply prospectively. . . . . . . . . . . . . . . . . . 11

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# INDEX OF AUTHORITIES

CASES                                                                    PAGE

*Alabama State Fed'n of Labor v. McAdory,*
    325 U.S.450 (1945).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Cal. Products, Inc. v. Puretex Lemon Juice, Inc.,*
    334 S.W.2d at 780, 783 (Tex. 1960). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*City of Garland v. Louton,*
    691 S.W.2d 603 (Tex. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

*Complaint of Chermac Energy Corp. Regarding Certain Qualifying Facilities Under PURPA,*
    2010 WL 3524026 (Tex. P.U.C. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Firemen's Ins. Co. of Newark, N.J. v. Burch,*
    442 S.W.2d 331, 333 (Tex. 1969). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*In the Interest of S.K.A., M.A., and S.A., Minor Children,*
    236 S.W.3d 875, 885 (Tex. App.—Texarkana 2007, pet. denied). . . . . . . 6

*Mayhew v. Town of Sunnyville,*
    964 S.W.2d 922 (Tex. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Patterson v. Planned Parenthood of Hous. & Se. Tex., Inc.,*
    971 S.W.2d 439 (Tex. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Railroad Comm'n v. CenterPoint Energy Resources, Corp.,*
    Nos. 03-13-00533-CV, 03-13-00534-CV, 03-13-00535-CV,
    2014 WL 4058727 (Tex. App.–Austin August 14, 2014, no pet.)
    (mem. op.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 11

**CASES** **PAGE**

*State Bar of Tex. v. Gomez,*
    891 S.W.2d 243 (Tex. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.,*
    852 S.W.2d 440 (Tex. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5

*TXU Elec. Co. v. Pub. Util. Comm'n,*
    51 S.W.3d 275 (Tex. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**FEDERAL STATUTES**
    47 U.S.C. § 224(e). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**STATE STATUTES**
TEX. CIV. PRAC. & REM. CODE
    §§ 37.001-37.011. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

TEX. UTIL. CODE
    § 54.204.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 11
    § 54.204(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

**RULES**
1 TEX. ADMIN. CODE
    § 217.3.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## FACTUAL BACKGROUND

Prior to oral argument in this case, the Public Utility Commission of Texas (the "Commission") filed a letter to inform the Court that it lacked subject-matter jurisdiction to rule on whether the Federal Communication Commission's ("FCC") revisions to its rules are incorporated under Utilities Code § 54.204(c).[1]  Effective  June 8, 2011, the FCC amended its rules to exclude depreciation, taxes, and rate of return expenses from the pole-attachment fees because pole attachments do not cause these costs.[2]  The result is a 66% reduction of the maximum pole-attachment rate for urban areas and 44% for non-urban areas.[3]

The adoption of these amendments has no bearing on the issues CPS Energy brought before the Commission in its January 22, 2009 enforcement action under Utilities Code § 54.204.  That enforcement action concerned the maximum pole-attachment rates from test year 2005/billing year 2006 through

---

[1]  *See* Letter to Jeffrey D. Kyle from Megan Neal, Assistant Attorney General, filed in this cause on April 20, 2015.

[2]  *See* AR, Binder 11, Item 449 at 120 (PFD).

[3]  *Id.*

1

test year 2009/billing year 2010. That time frame is prior to the June 8, 2011 effective date of the FCC's amendments. Litigation of CPS Energy's enforcement action at the agency lasted from January 2009 until February of 2013. More than two years after litigation began, the FCC's amendments became effective. Although the adoption of the amendments was not initially before the Commission, the parties asked the Administrative Law Judge ("ALJ") to certify the following question to the Commission:

> Do the requirements of [Utilities Code] § 54.204(c) incorporate revisions to the FCC's rules under 47 U.S.C. § 224(e) that are adopted subsequent to September 1, 2006, and if so, when do any such revisions become applicable to [Utilities Code] § 54.204(c)?

The Commission opined that the plain language of the statute indicates that the Legislature understood that the FCC could adopt new or modified rules and it was the Legislature's intent that these amendments be incorporated by Utilities Code § 54.204.[4]

CPS Energy appealed the Commission's opinion regarding the

---

[4] AR, Binder 8, Item 402 at 2.

amendments. The Commission defended its order against CPS Energy's challenge on the merits in district court and in its Appellee's brief in this Court. But on further review, the Commission asserts that this Court lacks jurisdiction to decide this issue because the Commission's statement of position is an advisory opinion regarding enforcement of future events that have not yet come to pass.

## ARGUMENT

### A. This Court lacks subject-matter jurisdiction to rule on an advisory decision.

This Court lacks subject-matter jurisdiction to render a decision based on an appeal of an advisory opinion. Subject-matter jurisdiction must exist for the Court to have authority to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). "Subject matter jurisdiction is never presumed and cannot be waived." *Id*. at 443-44. Subject-matter jurisdiction can be challenged for the first time on appeal. *Id*. at 444-45. "Ripeness is an element of subject matter jurisdiction." *Mayhew v. Town of Sunnyville*, 964 S.W.2d 922, 928 (Tex. 1998) (citing *State Bar of Tex. v. Gomez*,

3

891 S.W.2d 243, 245 (Tex. 1994); *City of Garland v. Louton*, 691 S.W.2d 603, 605

(Tex. 1985)).

The Commission has a duty to inform the Court when it lacks

jurisdiction, as here, because the Commission merely gave advice on a matter

that is not ripe. "The distinctive feature of an advisory opinion is that it

decides an abstract question of law without binding the parties." *Tex. Ass'n*

*of Bus.*, 852 S.W.2d at 444 (citing *Alabama State Fed'n of Labor v. McAdory*, 325

U.S. 450, 461 (1945); *Firemen's Ins. Co. of Newark, N.J. v. Burch*, 442 S.W.2d 331,

333 (Tex. 1969); *Cal. Products, Inc. v. Puretex Lemon Juice, Inc.*, 334 S.W.2d at

780, 783 (Tex. 1960)). The Commission's statement regarding the adoption of

the FCC's amendments is advisory because it has no bearing on the current

controversy and could only apply to future complaints that have yet to occur.

## B.    The Commission is part of the executive branch and can give advice.

CPS Energy, in a shift of its position, agrees with the Commission that

the Commission's findings and conclusions on the issue are advisory. But

CPS Energy is wrong when it argues that the Commission somehow made a

4

concession of wrong-doing by stating that it issued an advisory opinion.[5]

Under the doctrine of separation of powers, the authority vested in one department of the government "cannot be exercised by another department unless expressly permitted by the constitution." *Tex. Ass'n of Bus.*, 852 S.W.2d at 444. The separation of powers article "prohibit[s] courts from issuing advisory opinions because such is the function of the executive rather than the judicial department." *Id*. The Commission is a state agency in the executive branch of the state government.[6] Therefore, the Commission is authorized to issue advisory opinions giving advice to the parties it regulates.

Contrary to CPS Energy's claims, the Commission's advisory order is in no way improper nor does it overstep the Commission's jurisdictional authority. Thus, there is no basis to reverse the Commission's order or to strip the Commission of its subject-matter jurisdiction as CPS Energy urges. The Texas Supreme Court held that when the Commission makes an advisory opinion concerning the future it is "superfluous to the Order and therefore

---

[5] Post Submission Brief of Appellant CPS Energy at 2, 3, 5, 6, 8, & 9.

[6] 1 Tex. Admin. Code § 217.3.

[has] no *res judicata* effect." *TXU Elec. Co. v. Pub. Util. Comm'n*, 51 S.W.3d 275, 287 (Tex. 2001). The order should *not* be reversed because of the advisory findings.

## C. Whether the FCC's amendments will be applied in the future is not ripe for adjudication.

CPS Energy concedes that this issue is unripe.[7] Ripeness is a threshold question that implicates subject-matter jurisdiction. *Patterson v. Planned Parenthood of Houston & Se. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998). "A court has no jurisdiction to render an advisory opinion on a controversy that is not yet ripe." *City of Garland v. Louton*, 691 S.W.2d 603, 605 (Tex. 1985). "The ripeness doctrine conserves judicial time and resources for real and current controversies, rather than abstract, hypothetical, or remote disputes." *In the Interest of S.K.A., M.A., and S.A., Minor Children*, 236 S.W.3d 875, 885 (Tex. App.—Texarkana 2007, pet. denied). Ripeness examines when a claim may be filed and emphasizes the need for a concrete injury for a justiciable claim to be presented. *Patterson v. Planned Parenthood*, 971 S.W.2d at 442. "At

---

[7] Post Submission Brief of Appellant CPS Energy at 1, 5, 6, & 8.

the time a lawsuit is filed, ripeness asks whether the facts have developed sufficiently so that an injury has occurred or is likely to occur, rather than being contingent or remote." *Id*.

CPS Energy's appeal of this issue is not ripe. The question regarding the adoption of the amendments developed two years into the proceeding because the FCC's amendments went into effect—not because they mattered to the pending litigation. The Court's decision on this issue would be premature.

### D. AT&T and Time Warner are incorrect that this is a declaratory judgment action.

AT&T and Time Warner argue that if the question is purely legal, a decision is not advisory.[8] They are wrong. AT&T and Time Warner's reliance on *Complaint of Chermac Energy Corp. Regarding Certain Qualifying Facilities Under PURPA*, 2010 WL 3524026 (Tex. P.U.C. 2010) to support this position fails. AT&T and Time Warner mistakenly rely on the *brief* of a party to *Chermac* to claim that the Commission reversed the ALJ and agreed with

---

[8] Joint Response of AT&T Texas and Time Warner Cable Texas LLC to the April 20, 2015 Letter from the Attorney General to the Court at 6-7.

Chermac. Instead, the Commission concluded that the ALJ was correct and dismissed the case because the issues were not ripe.[9] The document AT&T and Time Warner cite is Chermac's brief to the Commission appealing the dismissal, not the Commission's order. That order is attached hereto as Exhibit A.

AT&T and Time Warner's reliance on the Uniform Declaratory Judgments Act ("UDJA")[10] cases is equally misplaced. CPS Energy filed an enforcement action, not a UDJA claim. An action under the UDJA could only be brought in district court, it could not be brought at the Commission. The UDJA case law is inapposite here. The Commission's statement regarding its position as to future enforcement proceedings is advisory and cannot be appealed because it is not ripe. Ripeness is a question of *when* a case may be determined. Here, the claim is ripe *if* the Commission applies the FCC's amendments to a municipal utility; only then will there be a properly

---

[9] *Complaint of Chermac Energy Corp. Regarding Certain Qualifying Facilities Under PURPA*, P.U.C. Docket No. 36763, Order on Appeal of Order No. 10, Sept. 27, 2010. Attached hereto as Exhibit A.

[10] Tex. Civ. Prac. & Rem. Code §§ 37.001–37.011.

justiciable claim for the courts to adjudicate.

**E.    This Court recently refused to adjudicate an advisory decision under similar circumstances.**

This Court recently held that it is improper to rule on issues that are uncertain and could arise in the future. In *Railroad Commission of Texas v. CenterPoint Energy Resources, Corp.*, the Commission made certain findings of fact and conclusions of law that disallowed expenses and implemented certain evidentiary criteria the utilities must meet to recover similar expenses in the future. Nos. 03-13-00533-CV, 03-13-00534-CV, 03-13-00535-CV, 2014 WL 4058727, at *1 (Tex. App.—Austin August 14, 2014, no pet.) (mem. op.). The utilities claimed that an ordering paragraph concerning disallowed expenses was a statement of new policy, not backed by an rule or guideline, and was unlawful, arbitrary and capricious. *Id*. at *2. The Commission argued that the claims were not ripe, and the utility sought advisory opinions. *Id*. This Court agreed with the Commission.

The utilities argued that the Commission's orders were not an advisory opinion because they "expressly appl[y]...to the future COSA proceedings, "

9

"mandate the manner in which all future rate adjustments filed pursuant to the applicable COSA tariff will be resolved," and "fundamentally change the way in which COSA adjustments are calculated in future COSA proceedings." *Id*. The utilities also argued that the orders imposed "obligations and burdens on [them] *now*, and that failure to abide by these new obligations and burdens could bar recovery in a future COSA proceeding" affecting "all COSA cases [they] will file in the future." *Id*. This Court disagreed.

"The courts of this state are not empowered to give advisory opinions [, and] [t]his prohibition extends to cases that are not yet ripe." *Id*. "A case is not ripe when its resolution depends on contingent or hypothetical facts, or upon events that have not yet come to pass." *Id*. This Court held that "[w]hether there may be an actual controversy between the Utilities and the Commission is too uncertain and speculative to support the Utilities' contention that their claims are ripe." *Id*. at *3.

Like the *CenterPoint* case, the Commission's order here *could* result in a dispute about maximum pole attachment rates *in the future*. *See id*. This does not rise to the level of an imminent or likely injury. *Id*. Nor have the parties

10

"presented any evidence that the Commission has taken any steps to impose the requirements on them since issuing the final orders or that there is any existing or continuing threat of liability or penalty." *Id*. In fact, Utilities Code § 54.204 contains no penalties and the record does not contain the requisite showing of hardship.

The Commission's order simply advised what its position would be regarding amendments to the statute going forward, and included these findings in its Order under the heading "*Methodology Going Forward*."[11] There was no harm to any of the parties by the findings of fact or conclusions of law contained in the Order.

**F.    The Commission correctly found that the amendments should apply prospectively.**

Should this Court find that the Commission's opinion is not advisory, then it should affirm the district court and the Commission's order finding that the plain language of Utilities Code § 54.204 was intended to incorporate any revisions to the FCC's rules as fully discussed in the Commission's

---

[11]  AR, Binder 13, Item 530 at 40-41.

Appellee Brief at pages 29-36.

## CONCLUSION

The Commission issued an advisory order based on a certified question at the parties' request that had no bearing on the issues in CPS Energy's enforcement action. The claim is not ripe because there is no justiciable controversy.

For all of the foregoing reasons, the Court should not adjudicate the Commission's advisory decision at this time for lack of jurisdiction.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

JON NIERMANN
Division Chief

*/s/ Megan Neal*

12

MEGAN NEAL
Assistant Attorney General
Texas State Bar No. 24043797
megan.neal@texasattorneygeneral.gov

DOUGLAS FRASER
Assistant Attorney General
State Bar No. 07393200
douglas.fraser@texasattorneygeneral.gov

Office of the Attorney General
Environmental Protection Div. (MC-066)
P.O. Box 12548
Austin, Texas 78711-2548
Tel: (512) 463-2012
Fax: (512) 320-0911

ATTORNEYS FOR THE PUBLIC
UTILITY COMMISSION OF TEXAS

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document has 2,126 words, calculated using computer program WordPerfect 12, pursuant to Texas Rules of Appellate Procedure Rule 9.4.

*/s/ Megan Neal*
Megan Neal

13

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was electronically filed with the Court of Appeals for the Third District of Texas. All counsel were served with a true and correct copy of this document electronically or by email on the 22nd day of May, 2015, to the following:

| | |
|---|---|
| Alfred R. Herrera<br>Felipe Alonso III<br>Sean Farrell<br>HERRERA & BOYLE, PLLC<br>816 Congress Avenue, Suite 1250<br>Austin, TX 78701<br>(512) 474-1492<br>(512) 474-2507 (fax)<br>aherrera@herreraboylelaw.com<br>falonso@herreraboylelaw.com<br>sfarrell@herreraboylelaw.com<br>***Attorneys for CPS Energy*** | Michael T. Sullivan<br>MAYER BROWN LLP<br>71 S. Wacker Drive<br>Chicago, IL 60606<br>(312) 782-0600<br>(312) 706-8689 (fax)<br>msullivan@mayerbrown.com<br>***Attorneys for AT&T*** |
| Lennon G. Briley, Jr.<br>AT&T LEGAL DEPARTMENT<br>1010 N. St. Mary's, Rm 14Q<br>San Antonio, TX 78215<br>(210) 351-4830<br>(210) 886-2127 (fax)<br>len.briley@att.com<br>***Attorney for AT&T*** | Joseph E. Cosgrove, Jr.<br>Katherine C. Swaller<br>Thomas Ballo<br>AT&T LEGAL DEPARTMENT<br>816 Congress Avenue, Suite 1100<br>Austin, TX 78701<br>(512) 457-2304<br>(512) 870-3420 (fax)<br>joseph.cosgrove.jr@att.com<br>katherine.swaller@att.com<br>thomas.ballo@att.com<br>***Attorneys for AT&T*** |

| | |
|---|---|
| Valerie P. Kirk<br>Melissa Lorber<br>ENOCH KEVER PLLC<br>600 Congress Avenue, Suite 2800<br>Austin, TX 78701<br>(512) 615-1200<br>(512) 615-1198 (fax)<br>vkirk@enochkever.com<br>mlorber@enochkever.com<br>*Attorneys for Time Warner* | John Davidson Thomas<br>Paul A. Werner<br>James Aaron George<br>SHEPPARD MULLIN RICHTER & HAMPTON LLP<br>2099 Pennsylvania Ave., N.W.<br>Suite 100<br>Washington, D.C.  20006<br>(202) 747-1900<br>(202) 747-1901 (fax)<br>dthomas@sheppardmullin.com<br>pwerner@sheppardmullin.com<br>ageorge@sheppardmullin.com<br>*Attorneys for Time Warner* |

*/s/ Megan Neal*
Megan Neal

# EXHIBIT A



Control Number: 36763



Item Number: 62

Addendum StartPage: 0

COMPLAINT OF CHERMAC ENERGY  §     PUBLIC UTILITY COMMISSION
CORPORATION REGARDING         §
CERTAIN QUALIFYING FACILITIES  §
UNDER PURPA, NOMANSLAND I,    §          OF TEXAS
NOMANSLAND II, GOODWELL WIND  §
I AND GOODWELL WIND II, AGAINST  §
SOUTHWESTERN PUBLIC SERVICE  §
COMPANY                      §

## ORDER ON APPEAL OF ORDER NO. 10

This order addresses Chermac Energy Corporation's appeal of Order No. 10, in which the Commission's administrative law judge (ALJ) dismissed Chermac's complaint for lack of ripeness. Subsequently, in Order No. 12, the ALJ further concluded that because Chermac's complaint was not ripe, granting Chermac the relief it sought would constitute an advisory opinion. The Commission concludes that with the clarification provided by the ALJ in Order No. 12, the ALJ properly found that the issues in this case are not ripe and properly dismissed Chermac's complaint without prejudice.

SIGNED AT AUSTIN, TEXAS the 27th day of September 2010

PUBLIC UTILITY COMMISSION OF TEXAS

BARRY T. SMITHERMAN, CHAIRMAN

DONNA L. NELSON, COMMISSIONER

KENNETH W. ANDERSON, JR., COMMISSIONER

q:\cadm\orders\interim\36000\36763app_10.docx