# IN THE SUPREME COURT OF TEXAS

No. 20-0005

DIOCESE OF LUBBOCK, PETITIONER,

V.

JESUS GUERRERO, RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SEVENTH DISTRICT OF TEXAS

**PER CURIAM**

This interlocutory appeal is from a trial court order denying a motion to dismiss under the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE § 27.003. The court of appeals considered the appeal as a companion to a mandamus petition also filed by the petitioner, the Diocese of Lubbock. Both relate to the Diocese's defense to claims of defamation and intentional infliction of emotional distress asserted by respondent Jesus Guerrero, a Catholic deacon. The claims arise out of the Diocese's inclusion of Guerrero's name on a list of clergy credibly accused of sexual abuse.

In the trial court, the Diocese filed a plea to the jurisdiction, arguing that the ecclesiastical abstention doctrine barred Guerrero's claims, and followed the plea with a motion to dismiss under the TCPA. The trial court denied both. The Diocese appealed the order denying the motion to dismiss and sought mandamus relief from the order denying its jurisdictional plea. The court of

appeals denied the Diocese's mandamus petition, *In re Diocese of Lubbock*, 592 S.W.3d 196 (Tex. App.—Amarillo 2019, orig. proceeding), and affirmed the trial court's TCPA order with respect to the defamation claim, finding "clear and specific evidence creating a prima facie case on each element of defamation," *Diocese of Lubbock v. Guerrero*, 591 S.W.3d 244, 253 (Tex. App.—Amarillo 2019).

The Diocese petitioned for review of the court of appeals' judgment under the TCPA and sought mandamus relief in this Court from the trial court's order denying its plea to the jurisdiction. We granted the Diocese's petition for review in Cause No. 20-0005 and consolidated it with the Diocese's petition for writ of mandamus in Cause No. 20-0127 for oral argument.

In our contemporaneously issued opinion in the mandamus proceeding, we agree with the Diocese that the ecclesiastical abstention doctrine deprives the trial court of jurisdiction over Guerrero's suit because it is inextricably intertwined with the Diocese's internal directive to investigate its clergy and would necessarily require the court to evaluate the Diocese's application of Canon Law. *In re Diocese of Lubbock*, No. 20-0127, ___ S.W.3d ___, ___ (Tex. 2021). We accordingly direct the trial court in that proceeding to sustain the Diocese's plea to the jurisdiction and dismiss the underlying case. *Id.* at ___.

Inasmuch as the trial court lacks jurisdiction to proceed in the underlying litigation, the collateral matters under the TCPA asserted in this interlocutory appeal are moot. "If the trial court lacks subject matter jurisdiction, the appellate court can make no order other than reversing the judgment of the court below and dismissing the cause." *Garland v. Louton*, 691 S.W.2d 603, 605 (Tex. 1985) (per curiam). The trial court's underlying interlocutory order and the court of appeals' judgment are accordingly vacated, and the cause is dismissed.

2

**OPINION DELIVERED**:  June 11, 2021