

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00188-CV

———————————————

LESLIE KAY ROBNETT, Appellant

V.

KEVIN MART ROBNETT, Appellee

On Appeal from the 322nd District Court
Tarrant County, Texas
Trial Court No. 322-753068-24

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Leslie Kay Robnett filed a notice of appeal from an April 22, 2025 "Order Appointing Receiver and Granting Specific Authority." On June 10, 2025, we sent the parties a letter stating, "It has come to the court's attention that on May 29, 2025, the trial court signed an 'Order to Vacate and Dissolve Receivership.' Therefore, it appears that this appeal is moot." We stated that if any party desired to continue the appeal, he or she should file by Friday, June 20, 2025, a response stating grounds for continuing the appeal or else the appeal would be dismissed as moot. We received no response.

Appellate courts do not decide cases in which no controversy exists between the parties. *See Camerena v. Tex. Emp. Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988). Accordingly, if no controversy continues to exist between the parties, the appeal is moot, and the court must dismiss the cause. *See City of Garland v. Louton*, 691 S.W.2d 603, 604–05 (Tex. 1985).

Because the appealed order has been dissolved and a controversy no longer exists between the parties, the appeal is now moot, and we lack jurisdiction. *See Gilliam v. Gilliam*, No. 01-22-00710-CV, 2024 WL 849783, at *3 (Tex. App.—Houston [1st Dist.] Feb. 29, 2024, no pet.) (mem. op.). Accordingly, we dismiss the appeal. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: July 10, 2025