Sunny CHAE et al., Appellants,

v.

Kathryn SCHNEIDER, Appellee.

No. 11–05–00262–CV.

Court of Appeals of Texas, Eastland.

Oct. 11, 2007.

■■■■■■■■■■■

Christine Roseveare, P. Michael Jung, Strasburger & Price, L.L.P., Dallas, for appellants.

Evan R. Clift, Clift & Associates, P.C., Dallas, for appellee.

Panel consists of: WRIGHT, C.J., McCALL, J., and STRANGE, J.

## OPINION

TERRY McCALL, Justice.

The trial court entered judgment against Sunny Chae in the amount of $588,000 on December 14, 2004. Chae filed a notice of restricted appeal on June 10, 2005. Kathryn Schneider subsequently filed a "suggestion of bankruptcy" on November 10, 2005, that advised this court that Chae filed a Chapter 7 bankruptcy proceeding in California on October 16, 2005. We suspended the appeal on November 17, 2005, pursuant to TEX.R.APP. P. 8.2.

Chae has now filed a motion entitled "motion to vacate judgment and dismiss cause." She alleges in the motion that the debt that is the subject of this appeal has been discharged in the bankruptcy proceeding.[1] She asks this court to vacate the trial court's judgment and dismiss the cause rather than merely dismissing the appeal. As set out below, appellant's requested relief is overruled. We dismiss this appeal for want of jurisdiction.

■■ TEX.R.APP. P. 8 establishes the procedures to be followed when a bankruptcy proceeding is filed during the pendency of an appeal. Rule 8.1 addresses the manner in which the parties are to advise the appellate court of the filing of the bankruptcy. Rule 8.2 provides that the filing of the bankruptcy has the effect of suspending the appeal. Rule 8.3 addresses procedures for reinstating the appeal if the parties are permitted to do so under the applicable federal laws. However, Rule 8 does not address the procedures to be followed by the litigants and the appellate court when the debtor's potential liability is discharged by bankruptcy court during the pendency of the appeal. *See Schultz v. Barnes,* No. 07-04-00424-CV, 2006 WL 2051390 (Tex.App.-Amarillo July 24, 2006, no pet.) (mem. op.).

■■ Citing 11 U.S.C. § 524(a)(1), (2), the Supreme Court has held that a bankruptcy discharge order releases a debtor from personal liability with respect to any discharged debt by voiding any past or future judgments on the debt and by operating as an injunction to prohibit creditors from attempting to collect or to recover the debt. *Tenn. Student Assistance Corp. v. Hood,* 541 U.S. 440, 447, 124 S.Ct. 1905, 158 L.Ed.2d 764 (2004). The application of Section 524 has been restricted to the debtor's personal liability. *See Johnson v. Home State Bank,* 501 U.S. 78, 83, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991) (a discharge under Section 524(a)(1) "extinguishes only 'the personal liability of the debtor' "). As the Fifth Circuit Court of Appeals recently explained, "a bankruptcy discharge eliminates only the debtor's personal liability and not the debt itself." *Stanley v. Trinchard,* Nos. 06-30120 & 06-30299, 2007 WL 2669828 (5th Cir. Sept.13, 2007).

---

1. Schneider has not filed a response contesting Chae's contention that the debt that is the subject of this appeal was discharged by the bankruptcy court.

The court in *Schultz* addressed a situation similar to the one in this case. The court dismissed the appeal for want of jurisdiction based upon its determination that any judgment it would render that determined the debtor's personal liability would be void under federal law. *See* Section 524(a)(1). In making this determination, the court stated that the appeal was moot and that it had "no jurisdiction to decide a moot controversy." *Schultz*, 2006 WL 2051390, at \*1 (citing *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex.1999)). We agree with *Schultz*. A case becomes moot if at any stage there ceases to be an actual controversy between the parties, and appellate courts are prohibited from deciding moot controversies. *Jones*, 1 S.W.3d at 86; *see Camarena v. Tex. Employment Comm'n*, 754 S.W.2d 149, 151 (Tex.1988).

Irrespective of the issue of mootness, TEX. PROP.CODE ANN. § 52.042 (Vernon 2007) addresses the effect of a bankruptcy discharge on a judgment. The statute provides that a judgment is discharged *"without further action in any court"* if the debt or obligation evidenced by the judgment is discharged in bankruptcy (emphasis added). Accordingly, the statute provides the relief that Chae essentially seeks from this court. The statute specifically entitles Chae to this relief without further action in any court. In light of the statute's provisions, Chae's request to vacate the trial court judgment and dismiss the entire cause is overruled.

#### This Court's Ruling

In light of the bankruptcy discharge, this appeal is dismissed for want of jurisdiction.