COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| TONY SARP, | § | No. 08-03-00114-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law |
| | § | |
| LLOYD MCCONNELL D/B/A CACTUS | | of Ector County, Texas |
| CUSTOM KNIVES, | § | |
| | | (TC# CC-14,857) |
| Appellee. | § | |

**MEMORANDUM  OPINION**

On February 5, 2004, this Court issued an opinion and judgment affirming the denial of Appellant's special appearance.  *See Sarp v. McConnell*, No. 08-03-00114-CV, 2004 WL 231932 (Tex.App.--El Paso Feb. 5, 2004, no pet.)(mem. op.).  On March 2, 2004, Appellant's attorney advised the Court in writing that Appellant had petitioned for bankruptcy.  We therefore issued an order abating the appeal and noting that any further action in the appeal was automatically stayed pursuant to bankruptcy law.  The order provided that the appeal would be reinstated upon a motion showing that the automatic stay has been lifted and specifying the action required by the Court.

We subsequently received documentation from the bankruptcy court regarding the bankruptcy proceeding.  This documentation shows that the Chapter 7 trustee filed a "Report of No Distribution," which states that the trustee neither received any property nor paid any money on behalf of the bankruptcy estate.  Although the bankruptcy case was closed on June 15, 2010, the documentation indicates that Appellant was denied a discharge.  The documentation also

suggests that the bankruptcy case was actually filed in November 2003--before our opinion issued.

Upon receiving this documentation, we issued an order directing Appellant to provide a written status report, stating the date that the bankruptcy petition was filed and the status of the bankruptcy proceeding and specifying what action should be taken by this Court. In the event that Appellee disagreed with the status report, the order gave him ten days to file a response.

Appellant's status report confirms that Appellant filed a voluntary bankruptcy petition on November 13, 2003 and that the bankruptcy case was closed on June 15, 2010. The status report states that the bankruptcy proceeding "was a Chapter 7, no asset case" and requests that the appeal be dismissed as moot. Appellee has not filed a response.

An opinion or judgment is void if it was issued after the filing of a bankruptcy petition. *Howell v. Thompson*, 839 S.W.2d 92, 92 (Tex. 1992); *Cont'l Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex. 1988). Accordingly, our opinion and judgment issued on February 5, 2004 are void.

Because the information provided to the Court demonstrates that the bankruptcy proceeding has been closed, this appeal will be reinstated. *See* TEX.R.APP.P. 8.2. The issue that remains is whether we should reissue the same opinion and judgment, dismiss the appeal as moot, or take some other action. *See Howell*, 839 S.W.2d at 92 (stating that although the appellate court's order and judgment were void because they were entered while a bankruptcy proceeding was pending, the appellate court was not precluded from reissuing the same opinion and judgment after the automatic stay was lifted).

A debtor's discharge in bankruptcy may render an appeal involving the debtor moot. *See*

*Chae v. Schneider*, 244 S.W.3d 425, 426-27 (Tex.App.--Eastland 2007, no pet.). When a case becomes moot on appeal, we do not merely dismiss the appeal. Instead, the underlying cause, including the judgment and interlocutory orders, must ordinarily be set aside. *See In re S.J.C.*, 304 S.W.3d 563, 569 (Tex.App.--El Paso 2010, no pet.); *see also Bridgestone Corp. v. Stubrin*, No. 08-02-00124-CV, 2002 WL 31087238, at *1 (Tex.App.--El Paso Sept. 19, 2002, no pet.) (not designated for publication)(vacating an order denying a special appearance when the case became moot on appeal).

The information before the Court does not demonstrate that Appellant was granted a discharge, and Appellant does not articulate any other reason why the appeal would be moot. Moreover, Appellant requests only that the appeal be dismissed. Appellee has not objected to this disposition. Under these circumstances, we will dismiss the appeal, but will not set aside the underlying cause.

This appeal is REINSTATED on the docket of this Court. The opinion and judgment issued on February 5, 2004 are WITHDRAWN as void. The appeal is DISMISSED WITH PREJUDICE.

January 12, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.