**Opinion issued September 3, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-01086-CV

————————————

**JOHN MATT REMBERT, Appellant**

**V.**

**ALNOOR MALICK AND SHELINA MALICK, Appellees**

On Appeal from the 189th District Court
Harris County, Texas
Trial Court Case No. 2009-03407

## MEMORANDUM OPINION

John Matt Rembert filed a notice of appeal of the trial court's final judgment signed on September 10, 2012. DJ Stephanco Auto Services, LLC, David J. Stephan, and Foundation Builders, LLC also filed notices of appeal of the

judgment. Alnoor and Shelina Malick filed a notice of appeal of the judgment as it related to Foundation Builders. On May 29, 2013, DJ Stephanco Auto Services filed a suggestion of bankruptcy, staying proceedings in this Court. *See* TEX. R. APP. P. 8.2; *see also* 11 U.S.C. 362(a). On May 7, 2015, we reinstated the appeal, granted DJ Stephanco Auto Services and Stephan's motion to dismiss their appeal, and the Malicks and Foundation Builders' motion to dismiss their appeals, and dismissed the appeals. Rembert's appeal against the Malicks remained pending.

Rembert, representing that "[t]his case/judgment was included in the bankruptcy of John Matthew Rembert," sought dismissal of the appeal. We dismissed Rembert's motion.[1] The Malicks, representing that the bankruptcy court's decree rendered Rembert's appeal moot, then notified the Court that they did not oppose dismissal of the appeal. They also provided the Court a copy of the "Discharge of Debtor" in Case No. 13-37868, *In re John Matthew Rembert and Debra S. Rembert*, in the United States Bankruptcy Court for the Southern District of Texas, entered on March 26, 2014.

A debtor's discharge in bankruptcy may render an appeal moot. *See Chae v. Schneider*, 244 S.W.3d 425, 426–27 (Tex. App.—Eastland 2007, no pet.); *Schultz v. Barnes*, No. 07-04-00424-CV, 2006 WL 2051390, at *1 (Tex. App.—Amarillo July 24, 2006, no pet.) (mem. op.). We do not have jurisdiction to decide a moot

---

[1] The motion did not include a certificate of service or a certificate of conference. *See* TEX. R. APP. P. 9.5(a), (d), (e), 10.1(a)(5).

controversy. *See Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000); *Schultz*, 2006 WL 2051390, at \*1 (citing *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999)). Accordingly, we notified the parties that the appeal was subject to dismissal for want of jurisdiction unless, by July 23, 2015, they demonstrated how this Court had jurisdiction over this appeal. *See* TEX. R. APP. P. 42.3(a). The parties have not responded to this Court's notice.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f).

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

3