Opinion filed October 12, 2023



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00222-CV

_____

## ELLIOTT HARVEY D/B/A PIONEER NATURALS PET FOODS, Appellant

## V.

## ADVANCED MARKETING GROUP, LLC, Appellee

**On Appeal from the 259th District Court**
**Jones County, Texas**
**Trial Court Cause No. 023133**

## M E M O R A N D U M   O P I N I O N

Appellant, Elliott Harvey d/b/a Pioneer Naturals Pet Foods, timely filed an appeal from the trial court's judgment in favor of Appellee. Several months later, Appellant filed in this court a suggestion of bankruptcy. *See* TEX. R. APP. P. 8.1. We abated this appeal and requested that the parties keep this court informed regarding the bankruptcy proceedings. *See* TEX. R. APP. P. 8.2, 8.3. In this regard, over the past several years, we have requested, by letter, that the parties inform this court of the status of the bankruptcy proceedings or any other event that would allow

this appeal to be reinstated. In response to our most recent request, Appellee provided this court with documents from the bankruptcy proceeding that indicate that the debt that is the subject of this appeal was discharged by the bankruptcy court. Counsel for Appellant also responded and stated that Appellant is now deceased.

After receiving the notification from Appellee regarding the discharge in bankruptcy, we informed the parties by letter that it appeared that we lack jurisdiction of this appeal. *See Chae v. Schneider*, 244 S.W.3d 425, 427 (Tex. App.—Eastland 2007, no pet.). We requested a response from the parties regarding whether the parties agreed with this court's assessment that the debt was discharged in bankruptcy. In our letter, we also advised the parties that the case may be reinstated at the end of the 10-day period and dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3. Neither of the parties responded to our letter.

Because the debt that is the subject of this appeal has been discharged in bankruptcy, this appeal is moot. *See Chae*, 244 S.W.3d at 427. We lack jurisdiction "to decide a moot controversy" and therefore must dismiss this appeal. *See id.* (quoting *Schultz v. Barnes*, No. 07-04-00424-CV, 2006 WL 2051390, at *1 (Tex. App.—Amarillo July 24, 2006, no pet.) (mem. op.)); *see also* TEX. R. APP. P. 7.1(a)(1) (If a party to a civil case dies after the judgment but prior to the final disposition of the appeal, the appellate court "will proceed to adjudicate the appeal as if all parties were alive.").

Accordingly, we dismiss this appeal.


        W. STACY TROTTER

October 12, 2023        JUSTICE

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.