# Court of Appeals
## Tenth Appellate District of Texas

10-24-00159-CV

John Deere Construction & Forestry Company,
Appellant

v.

Bradly S. Irwin,
Appellee

On appeal from the
82nd District Court of Falls County, Texas
Judge Bryan F. Russ Jr., presiding
Trial Court Cause No. CV41107

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

On August 28, 2025, this Court issued an opinion and judgment affirming the trial court's take nothing judgment rendered against John Deere Construction and Forestry Company. *See John Deere Constr. & Forestry Co. v. Irwin*, No. 10-24-00159-CV, 2025 WL 2473027 (Tex. App.—Waco August 28, 2025, no pet. h.) (mem. op.). On November 4, 2025, this Court denied John Deere's motion for rehearing. Thereafter, John Deere filed a suggestion of

bankruptcy, notifying this Court that Appellee Bradley S. Irwin filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Western District of Texas on November 7, 2025. Accordingly, pursuant to Texas Rule of Appellate Procedure 8.2, the appeal was suspended from that date. *See* TEX. R. APP. P. 8.2.

On March 26, 2026, John Deere filed a "Motion to Reinstate and Vacate Judgment, Opinion, and Trial Court's Judgment." Attached as exhibits were the bankruptcy court's February 5, 2026 order of discharge and a certificate of notice naming John Deere as a creditor whose claim was discharged. Due to the discharge, the automatic stay was terminated. *See* 11 U.S.C.A. § 362(c); TEX. R. APP. P. 8.3(a).

Ordinarily, this Court would retain plenary power for thirty days after the November 4, 2025 order overruling John Deere's motion for rehearing. *See* TEX. R. APP. P. 19.1(b). That thirty-day time period was disrupted by the November 7, 2025 bankruptcy filing, but begins to run anew when the appeal is reinstated after the bankruptcy stay is lifted. *Id*. R. 8.2. Accordingly, because the bankruptcy stay has been terminated, we reinstate the appeal. *Id*. R. 8.3(a).

A bankruptcy court's discharge order releases a debtor from personal liability with respect to any discharged debt by voiding any past or future

judgments on the debt and by operating as an injunction to prohibit creditors from attempting to collect or to recover the debt. 11 U.S.C.A. § 524(a); *Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 447 (2004). Thus, Irwin's debt owed to John Deere has been discharged and John Deere is prohibited from attempting to collect the debt. Accordingly, there is no actual controversy between Irwin and John Deere. A case becomes moot if at any stage there ceases to be an actual controversy between the parties, and appellate courts are prohibited from deciding moot controversies. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). Specifically, an appeal in state court that arises from a trial court judgment that is discharged in bankruptcy is mooted by the bankruptcy court's discharge order. *See Chae v. Schneider*, 244 S.W.3d 425, 427 (Tex. App.—Eastland 2007, no pet.). Any opinion issued on the merits on appeal in a moot case would constitute an impermissible advisory opinion. *See Tex. Dep't of Family and Protective Servs. v. Grassroots Leadership, Inc.*, 717 S.W.3d 854, 862 (Tex. 2025). When a case becomes moot on appeal, all previous orders and judgments are set aside. *See Tex. Foundries, Inc. v. Int'l Moulders & Foundry Workers' Union*, 248 S.W.2d 460, 461 (Tex. 1952).

This appeal is reinstated on the docket of this Court. Because the controversy is moot, the trial court's February 22, 2024 judgment and this

Court's August 28, 2025 opinion and judgment are vacated, and this case is dismissed. *See* TEX. R. APP. P. 43.2(e); *City of Garland v. Louton*, 691 S.W.2d 603, 605 (Tex. 1985) (per curiam) (held that when a cause becomes moot, the appellate court must dismiss the cause not merely dismiss the appeal).

 

_____

STEVE SMITH
Justice

OPINION DELIVERED and FILED:  April 16, 2026

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Reinstated and Dismissed
CV06

